[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12752
Non-Argument Calendar

_____

D. C. Docket No. 06-60184-CV-JEM

LEONARDO T. MORALES,

Plaintiff-Appellant,

versus

MICHAEL CHERTOFF,
JAMES MCDONOUGH,
S. SALEM,
DONG CRAVEN,
LONI BOWDER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 27, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Leonardo T. Morales, a state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 claims for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Morales's first two claims challenged his custody classification in prison and how this has affected his work assignments. In his third claim, he asserted that prison officials improperly delayed his ability to file a timely motion for post-conviction relief in state court. We review a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo, accepting the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). After careful review, we affirm.

"To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In doing so, a plaintiff must establish "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation . . . ." Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995).

Here, Morales first argues he was entitled to a law clerk position in the prison library and was removed from this position in retaliation for filing

grievances requesting his reinstatement to that position, in violation of his First Amendment rights. Although Morales identified several defendants by name and stated their roles in the prison with respect to job assignments, he never described any actions specific to him and his claim. Because Morales failed to identify the specific defendants and how their actions amounted to retaliation, he failed to allege a causal connection between the defendants' actions and his filing of the grievances. Swint, 51 F.3d at 999. Accordingly, we affirm the dismissal of Morales's complaint as to this issue.

As for Morales's argument that his due-process rights were violated, there are only two instances when a prisoner may be deprived of a due process liberty interest under § 1983:

> The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (quotation omitted) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)). Morales's claim implicates neither of the Kirby situations because (1) Morales has not claimed that a change to his custody classification is "so severe that it essentially exceeds the sentence

3

imposed by the court," and (2) the statute and the administrative code provisions that Morales relies on do not bestow a benefit vis-a-vis the custody classification, the deprivation of which would result in an "atypical and significant hardship" on Morales.[1]  See Kirby, 195 F.3d at 1290-91; see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) (in the context of a claim based on a custody classification, holding that the U.S. Constitution affords no liberty interest in a prisoner's custody classification); cf. Meachum v. Fano, 427 U.S. 215, 224-26 (1976) (holding that a prisoner does not have a liberty interest in an assignment to any particular prison, regardless of whether the conditions of one prison are "much more disagreeable" than another).[2]

**AFFIRMED.**

---

[1]The state law applicable to this case, Fla. Stat. § 944.1905, provides the general guidelines that prison officials use to determine a prisoner's classification level.  Likewise, Fla. Admin. Code § 33-601.201 describes generally the "inmate work program," and Fla. Admin. Code § 33-601.210 describes custody classification.

[2]  Finally, we are unpersuaded by Morales's argument that he was denied access to the courts by prison officials due to "inadequate library services," and thereby was prevented from filing his state habeas petition in a timely manner.

4