[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13244
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-14123-CV-KMM

WAYNE BISSO,

                                                        Plaintiff-Appellant,

versus

LORNA JENSEN,
ROBERT STONE,
Attorney,
KENNETH PALMER,
Attorney,
BRIAN M. BEAUCHAMP,
Attorney,
KENNETH NORMAN,et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2010)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Wayne Bisso, a state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).[1] No reversible error has been shown; we affirm.

Bisso filed a section 1983 complaint against many defendants, including lawyers. He claimed that he had been falsely arrested and prosecuted in Florida for grand theft of assets of his deceased common-law wife. He claimed that his Fourteenth Amendment rights were violated when the state failed to recognize his Georgia common-law marriage. The district court dismissed Bisso's complaint because (1) the complaint did not explain how or whether defendants acted under the color of state law; (2) to the extent the named lawyers acted under color of state law, they were entitled to immunity; and (3) Bisso's challenges to his criminal proceedings were barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994).

On appeal, Bisso makes arguments about rulings in his criminal trial and maintains that he and his late wife had a common-law marriage. He also argues

---

[1]We review de novo the district court's sua sponte dismissal for failure to state a claim under section 1915(e)(2)(B)(ii). Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

that his trial counsel rendered ineffective assistance and that the district court should have ordered an evidentiary hearing on this issue. But Bisso makes no arguments about the district court's rulings on his section 1983 complaint: he does not challenge the district court's conclusions that no defendant acted under color of state law, that the lawyers were immune from suit, or the applicability of the Heck bar. As such, Bisso has abandoned any challenge to the district court's dismissal of his section 1983 complaint. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (explaining that issues not argued on appeal are deemed waived by a pro se litigant).[2]

AFFIRMED.

---

[2]To the extent Bisso seeks to challenge his motion to reclassify -- which he filed after the district court's dismissal of his section 1983 complaint and in which he sought to convert his complaint into a habeas corpus petition -- that order is not properly before us. See Fed.R.App.P. 3(c)(1)(B) (stating that the notice of appeal must designate the judgment, order, or part being appealed).