[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

No. 11-10290
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-03594-KOB

TAFT J. PERRY, JR.,

Plaintiff-Appellant,

versus

MARY L. JORDAN,
MARGARET ROBINSON,
Dr.
LAWSON STATE COMMUNITY COLLEGE,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 20, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Taft Perry, Jr. appeals *pro se* from the district court's *sua sponte* dismissal of his complaint for failing to allege a federal claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). On appeal, Perry does not challenge the district court's dismissal of his suit, but instead argues the merits of his complaint that he was denied his federal civil right to a college education.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and view the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (citation omitted). *Pro se* pleadings are construed liberally. *Id*. at 1160. However, issues not briefed on appeal are deemed abandoned. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

A court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).

Perry has abandoned any challenge to the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted by failing

2

to raise that issue in his appellate brief.  Moreover, the district court did not err in dismissing Perry's complaint without prejudice because Perry did not assert any federal constitutional or statutory violation in his complaint.   Thus, we affirm.

**AFFIRMED.**