[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14053
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:11-cv-80886-KAM

RICHARD GORDON FRANK,

Plaintiff-Appellant,

versus

LAKE WORTH UTILITIES,
CITY OF LAKE WORTH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 16, 2012)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Frank appeals pro se from the district court's dismissal of his civil rights action against Lake Worth Utilities, a city-run utility company, and the City of Lake Worth (collectively "Lake Worth") brought pursuant to 42 U.S.C. § 1983, and 18 U.S.C. § 1964 ("RICO") (alleging a violation of 18 U.S.C. § 1951 ("Hobbs Act")). Frank's complaint arose out of actions that occurred following a separate bankruptcy proceeding. In this complaint, Frank alleged that Lake Worth violated his civil rights by attempting to collect money no longer owed to it following his filing for bankruptcy and by requiring a deposit in advance of future service. On appeal, Frank argues that the district court erred in dismissing his claim under RICO and the Hobbs Act, and in dismissing his claim under 42 U.S.C. § 1983.[1] After careful review, we affirm.[2]

We review dismissals for failure to state a claim de novo, treating every allegation in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

---

[1] In addition, Frank raises several issues on appeal which were not before the district court in the present case. He alleges error on the part of the bankruptcy court in dismissing a separate case filed against Lake Worth, as well as error on the part of the district court in denying to hear the issues raised in that case. The present district court docket contains only appellant's civil rights complaint, along with the district court order dismissing that complaint. To the extent the parties argue other orders, we decline to reach the merits of those arguments. Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1331 (11th Cir. 2006) (holding that appellate courts generally will not consider issues not presented to the trial court).

[2] We also GRANT the City of Lake Worth's motion to file its answer brief out of time.

A court "shall dismiss" a case filed in forma pauperis if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards that apply to a motion to dismiss under Fed.R.Civ.P. 12(b)(6) apply to a dismissal under § 1915(e)(2)(B)(ii). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, in deciding this appeal, we must limit our analysis to the allegations contained in Frank's complaint.

First, we find no merit to Frank's argument that the district court erred in dismissing his RICO and Hobbs Act claim. In order to make out a civil RICO claim under the Hobbs Act, the plaintiff must allege that a defendant obstructed, delayed, or affected commerce (or attempted to do so), by robbery or extortion. 18 U.S.C. § 1951. Extortion can occur through force, threat, violence, fear, or under color of official right. 18 U.S.C. § 1951(b)(2).

Extortion, as used in the Hobbs Act, retains its common law meaning as it is applied to government officials. Wilkie v. Robbins, 551 U.S. 537, 563-64 (2007); Scheidler v. National Organization for Women, Inc., 537 U.S. 393, 402 (2003); Evans

3

v. United States, 504 U.S. 255, 260 (1992). The common law definition of extortion does not include the taking of property for the benefit of the government. Wilkie, 551 U.S. at 564-65. Extortion was an offense committed by a public official who took property under the pretense it was due to him by virtue of his office, akin to taking a bribe. Id. It did not, at common law, include "the harm caused by overzealous efforts to obtain property on behalf of the Government." Id.

In this case, Frank's complaint failed to make out a claim under the Hobbs Act. Frank made several allegations that Lake Worth illegally demanded money, and that Lake Worth made several threats in connection with those demands. However, nowhere in the complaint did Frank allege that the money was being collected for any reason other than for the benefit of the government. As a result, Frank's complaint, as a matter of law, fails to adequately allege extortion. Further, Frank does not attempt to allege robbery. Therefore, his complaint fails to adequately allege a violation of the Hobbs Act, and the district court did not err in dismissing his RICO claim.

Nor do we agree that the district court erred in dismissing his § 1983 claim. In order to make out a claim under 42 U.S.C. § 1983, the plaintiff must allege that a state actor deprived him of a federal right. Griffin v. City of Opa-Locka, 261 F.3d

4

1295, 1303 (11th Cir. 2001). A federal right may derive from the Constitution or federal statute. Maine v. Thiboutot, 448 U.S. 1, 4 (1980).

A procedural due process violation occurs when a state actor deprives a party of a constitutionally protected liberty or property interest through a constitutionally inadequate process. Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011). A process is constitutionally inadequate when a remedy for an unlawful deprivation is not available. See Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991).

A substantive due process violation occurs when a state actor deprives a party of certain fundamental rights, regardless of the process used to effectuate that deprivation. Williams v. Att'y Gen. of Alabama, 378 F.3d 1232, 1235 (11th Cir. 2004). The Supreme Court has ruled that many of the rights arising out of bankruptcy law are not constitutionally derived or fundamental under the constitution. United States v. Kras, 409 U.S. 434, 446 (1973).

Here, Frank failed to adequately allege any permissible ground for a Section 1983 claim in his complaint. With regard to procedural due process, Frank did not allege that a constitutionally inadequate process existed. Frank admitted in his complaint that following a meeting with the utility company, his bill was amended to

reflect his bankruptcy filing. Thus, the deprivation alleged by Frank was in fact remedied, and a procedural due process claim was not adequately alleged.

As for substantive due process, Frank failed to allege that a violation of a fundamental right occurred. Frank's complaint alleged a violation of his right to be free from unlawful debt collection following a bankruptcy filing. Frank has not cited, nor can we find, anything to suggest that this is a fundamental right under the Constitution, and Frank therefore has failed to allege a violation of substantive due process.

Frank similarly failed to allege a statutory violation occurred which would give rise to a § 1983 claim. On appeal, Frank links a violation of the automatic stay provision of 11 U.S.C. § 362 with his § 1983 claim. However, Frank did not allege in the district court that the basis for his § 1983 claim derived directly from such a violation. Rather, he grounded his § 1983 claim in the 14th Amendment. While "bankruptcy laws and rights" are generally discussed in the complaint, they are mentioned in conjunction with "an extortionate attempt" -- which indicates they were being raised in connection with appellant's Hobbs Act claim. Frank may not raise a new legal theory for his claim on appeal. <u>Access Now, Inc.</u>, 385 F.3d at 1331. Accordingly, we affirm.

**AFFIRMED.**