[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11697
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cv-00039-HLM

CHRISTOPHER ELLIS MILLER,

Plaintiff-Appellant,

versus

BARTOW COUNTY, GEORGIA,
a municipality,
CLARKE MILLSAP,
Bartow County Sheriff, in his
personal and professional capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 18, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Christopher Ellis Miller, proceeding *pro se* and *in forma pauperis*, appeals

the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons stated below, we affirm.

I.

Miller filed a complaint in the district court, alleging that the defendants, Bartow County, Georgia, and Bartow County Sheriff, Clarke Millsap, violated his constitutional and state rights by requesting Florida authorities to arrest him and extradite him to Georgia on an unfounded charge of aggravated stalking. Miller emphasized that the defendants failed to comply with applicable state and federal statutes in requesting his extradition.

The district court *sua sponte* dismissed Miller's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The court found that his complaint failed to present a viable § 1983 claim against either Bartow County or Millsap because the defendants were not "policymakers" for purposes of § 1983 liability, and Miller's conclusory allegations that he was injured by Bartow County's custom or policy failed to satisfy the pleading standards set out by the Supreme Court. As to Miller's § 1983 claim against Millsap in his individual capacity, the complaint did not allege that Millsap personally participated in the events giving rise to the instant lawsuit and contained only conclusory allegations regarding Millsap's liability as a supervisor. The court further found that Miller's state law claims

2

against Bartow County and Millsap (in his official capacity) were barred by Georgia's sovereign immunity. Moreover, "official immunity" barred Miller's state claim against Millsap in his personal capacity, as Millsap's alleged actions were discretionary, rather than ministerial, and Miller did not allege that Millsap acted with ill will or actual malice. Finding Miller's complaint to be frivolous, the district court dismissed it without prejudice.

## II.

We review for abuse of discretion a district court *sua sponte* dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i). *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). A lawsuit is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation omitted).

In his brief to this Court, Miller does not challenge any of the district court's actual findings as to why his complaint was frivolous. Therefore, he has abandoned all arguments in this regard. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that, although this Court construes *pro se* briefs liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned"). Miller's only claim on appeal is that the district court erroneously failed to address the defendants' alleged violation of various extradition laws, and

he also notes that the court failed to address the application of Florida's long-arm statute. These contentions are meritless. The district court found Miller's complaint to be frivolous essentially because neither Bartow County nor Millsap was a viable defendant and because Miller's conclusory allegations did not sufficiently establish liability. The questions of whether the defendants violated any extradition laws or whether Florida's long-arm statute applied were irrelevant to the district court's findings. Because the court had no reason to address these matters, it could not have abused its discretion by failing to do so. Accordingly, we affirm.

**AFFIRMED.**