[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 14, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-11508

_____

D. C. Docket No. 01-00527-CV-BH-C

NED HUGHES,

Plaintiff-Appellant,

versus

CHARLES LOTT, Police Officer,
DENNIS JOHNSON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(November 14, 2003)**

Before TJOFLAT, BARKETT and HILL, Circuit Judges.

BARKETT, Circuit Judge:

Ned Hughes appeals the district court's dismissal, pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (ii), of his pro se and in forma pauperis civil rights action under 42 U.S.C. § 1983 against several City of Mobile police officers. In his complaint, Hughes alleges that the police officers violated his Fourth Amendment rights by stopping, searching, and arresting him without reasonable suspicion, probable cause, or a warrant. He also alleges that the officers' treatment of him after the initial stop and arrest, including holding him against his will, forcing him to remove his clothes and wait in the cold, and interrogating him in his underwear, was unconstitutional. Finally, Hughes claims that the officers took several of his items without a warrant or his consent and never returned them. Prior to service of process, the district court found that Hughes's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994); res judicata; the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e); and the statute of limitations. It therefore dismissed them sua sponte.

On appeal, Hughes asserts that: (1) his claim of an unlawful search and seizure is not precluded by Heck, because his convictions would not necessarily be invalidated if he prevailed; (2) his claims are not barred by res judicata because his prior complaint was dismissed without prejudice; (3) his complaint requests nominal damages, which are not barred by 42 U.S.C. § 1997e(e), for violations of his Fourth Amendment rights; and (4) the factual record was insufficiently

developed for the district court to determine that the statute of limitations period was not tolled for his deprivation of property claim. We affirm the district court's order with regard to the deprivation of property claim. However, we reverse and remand for further proceedings on the remainder of Hughes's claims.

## BACKGROUND

Hughes is serving life sentences in Alabama state prison for two 1997 convictions for second-degree burglary and receipt of stolen property. In 1998, he filed a complaint in federal district court alleging that the police officers' actions before and after he was taken into custody violated the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. The district court dismissed that complaint without prejudice prior to service of process, holding that Hughes's claims of illegal arrest, search and seizure, and coerced confession would have the effect of undermining his burglary conviction and were therefore barred by the rule in Heck. In addition, it held that his post-custody claims did not allege physical injury – only mental anguish, humiliation, and emotional distress – and therefore were barred under 42 U.S.C. § 1997e(e).

Hughes filed a second complaint in 2001, which is the subject of this appeal, similarly alleging violations of his Fourth, Fifth, and Fourteenth Amendment

3

rights. Unlike his first complaint, however, Hughes's second complaint explicitly seeks compensatory damages for property seized by the police officers. In addition, it does not seek damages for time spent incarcerated. The district court again dismissed the complaint prior to service of process, relying on Heck and § 1997e(e) as well as the doctrine of res judicata for the claims raised in Hughes's first complaint. It dismissed Hughes's deprivation of property claim as barred by the two-year statute of limitations. Hughes now appeals.

STANDARD OF REVIEW

In forma pauperis proceedings are governed by 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed de novo, viewing the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Similarly, a district court's ruling on issues of res judicata is reviewed de novo. NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990). A district court's sua sponte dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for

4

abuse of discretion. <u>Bilal v. Driver</u>, 251 F.3d 1346, 1348 (11th Cir. 2001). "<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

DISCUSSION

I. <u>Heck v. Humphrey</u>

Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a state prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." <u>Id.</u> at 487. As the Supreme Court noted, the most obvious example of an action barred by <u>Heck</u> is one in which the plaintiff actually "seek[s] damages directly attributable to conviction or confinement." <u>Id.</u> at 487 n.6. But even when the plaintiff does not seek such damages, his suit may be barred if, for example, he must negate "an element of the offense of which he has been convicted" in order to prevail, <u>id.</u>, or if he contends that the statute under which he was convicted is unconstitutional.

The Court explained in a footnote, however, that its holding would not necessarily preclude a Fourth Amendment claim of illegal search and seizure:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was

5

introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not <u>necessarily</u> imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . . which, we hold today, does <u>not</u> encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

<u>Id.</u> at 487 n.7 (citations omitted) (emphasis in original). Because an illegal search or arrest may be followed by a valid conviction, <u>see id.</u>,[1] a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, <u>Heck</u> does not generally bar such claims.[2] See <u>Datz v. Kilgore</u>, 51 F.3d 252, 253 n.1 (11th Cir. 1995) (per curiam) ("<u>Heck v. Humphrey</u> . . . is no bar to Datz' civil action because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error."); <u>see also</u> <u>Moore v. Sims</u>, 200 F.3d 1170 (8th Cir. 2000) (per curiam) (holding that unlawful seizure claims are not barred by <u>Heck</u>); <u>Beck v.</u>

---

[1]<u>See also</u> <u>Haring v. Prosise</u>, 462 U.S. 306, 321-22 (1983); <u>Gerstein v. Pugh</u>, 420 U.S. 103, 119 (1975) ("illegal arrest or detention does not void a subsequent conviction").

[2]In <u>Heck</u>, the Supreme Court noted that <u>some</u> Fourth Amendment claims would, if successful, necessarily imply the invalidity of the conviction because they would negate an element of the offense. For example, a successful § 1983 claim for unreasonable seizure might negate an element of the offense of resisting arrest. <u>See Heck</u>, 512 U.S. at 487 n.6. Thus, the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted.

City of Muscogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999) (finding that Heck did not apply to defendant's claims of illegal arrest, search, and seizure); Copus v. City of Edgerton, 151 F.3d 646, 648 (7th Cir. 1998) (observing that the Seventh Circuit interprets Heck to allow all § 1983 claims for unlawful searches or seizures under the Fourth Amendment to go forward). But see Harvey v. Waldron, 210 F.3d 1008, 1110 (9th Cir. 2000) (concluding that under Heck, § 1983 claims of illegal search and seizure of evidence on which criminal charges are based do not accrue until the charges have been dismissed or the conviction has been overturned); Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996) (holding that Heck barred the defendant's claims of false arrest and excessive force based on the specific facts of the case); Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995) (finding that under Heck, setting aside a conviction is a precondition for bringing Fourth Amendment claims).

In this case, the circumstances surrounding Hughes's convictions for burglary and receipt of stolen property are unknown from the record. It was impossible, therefore, for the district court to determine that a successful § 1983 action for unreasonable search and seizure necessarily implied the invalidity of those convictions. The district court therefore erred in finding these claims barred under Heck at this stage in the proceedings.

7

II. Res Judicata

Additionally, the district court erred by alternatively finding that, according to the doctrine of res judicata, Hughes failed to state a claim. Under res judicata, a final judgment bars a subsequent lawsuit relitigating matters that were litigated or could have been litigated in the earlier suit. I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). However, res judicata does not apply if there was no final judgment on the merits in the earlier suit. Id. A dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). In this case, the district court dismissed without prejudice Hughes's claims raised in 1998. Accordingly, the doctrine of res judicata did not bar Hughes from reasserting the same claims in 2001.

The district court's reliance to the contrary on Denton v. Hernandez, 504 U.S. 25 (1992), is misplaced. Describing the appropriate standard of review for § 1915(d) dismissals,[3] the Denton Court noted that one factor to consider is "whether the dismissal was with or without prejudice." Id. at 34. The Court then continued by observing that § 1915(d) dismissals are not dismissals on the merits and,

---

[3]In 1996, 28 U.S.C. § 1915(d) was redesignated as § 1915(e), pursuant to the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321-74 (April 26, 1996).

8

therefore, do not prejudice the later filing of a paid complaint. Id. They "could, however, have a res judicata effect on frivolousness determinations for future in forma pauperis petitions." Id. As a result, a reviewing court "should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend." Id. Thus the Denton Court recognized no res judicata effect of § 1915 dismissals on subsequent paid complaints but, at the same time, stressed to the courts of appeal the importance of considering whether the dismissal was with or without prejudice. The logical conclusion is that only § 1915 dismissals with prejudice would have a res judicata effect on future in forma pauperis petitions; the distinction between "with" or "without" would otherwise be meaningless. The district court therefore erred in finding here that the earlier § 1915 dismissal without prejudice barred Hughes's 2001 in forma pauperis claims.

III. Prison Litigation Reform Act

Hughes's 2001 complaint also seeks damages for his treatment by the police officers after he was taken into custody. He alleges that he was forced to strip down to his underwear, sit in the cold for an extended period, and then answer questions at the police station, still wearing only his underwear. Characterizing it as an Eighth, or alternatively a Fourteenth, Amendment claim, the district court

9

dismissed this claim as barred by the Prison Litigation Reform Act, which precludes a prisoner from bringing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical harm." 42 U.S.C. § 1997e(e). Hughes argues on appeal that, properly construed, his complaint raises a Fourth Amendment challenge to the unreasonableness of his arrest and seeks nominal damages. Section 1997e(e), however, bars any claim seeking compensatory damages for emotional distress suffered while in custody.[4] See Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002). Hughes concedes this but argues that § 1997e(e) does not bar nominal damages, which he claims to have sought.

Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages. Carey v. Piphus, 435 U.S. 247, 255 (1978). Nominal damages are available for Fourth Amendment violations. See Slicker v. Jackson, 215 F.3d 1225, 1227 (11th Cir. 2000) (approving of nominal damages award in Fourth Amendment excessive force claim). Relying on the plain text of the statute, the Second, Third, Seventh, Ninth, and Tenth Circuits have interpreted

---

[4]Section 1997e(e), however, "only precludes some actions for money damages, and does not materially thwart actions for declaratory and injunctive relief." Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc).

§ 1997e(e) not to preclude a prisoner from seeking nominal damages. See Calhoun v. Detella, 319 F.3d 936, 941 (7th Cir. 2003); Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002); Searles v. Van Bebber, 251 F.3d 869, 878-79 (10th Cir. 2001); Allah v. Al-Hafeez, 226 F.3d 247, 252 (3d Cir. 2000).

The district court dismissed Hughes's complaint sua sponte before service of process. Thus, the issue of whether § 1997e(e) precludes a prisoner from seeking nominal damages has not been presented in any way to the district court, and the district court did not consider whether Hughes's complaint could be liberally construed to request nominal damages. See Leal v. Ga. Dep't of Corrections, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam) (vacating the district court's judgment and remanding to allow that court to consider the legal question in the first instance). Thus this claim should be considered by the district court in the first instance.

IV. Deprivation of Property

Finally, the district court dismissed Hughes's deprivation-of-property claims under the Fourteenth Amendment on the grounds that they were filed outside of Alabama's two-year statute of limitations applicable to § 1983 actions and were

11

therefore frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). To dismiss a prisoner's complaint as time-barred prior to service, it must "appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Leal, 254 F.3d at 1280. From the complaint, it is clear that more than two years passed between the accrual of Hughes's property claims and the filing of his complaint in 2001. Hughes asserts, however, that he may be able to show that the limitations period was tolled if he is given a chance to amend his complaint.

In Leal, the district court sua sponte dismissed the prisoner's § 1983 suit because, on its face, the complaint appeared to be barred by the two-year statute of limitations. On appeal, Leal argued and we found that the statute of limitations may have been tolled while he exhausted his administrative remedies. As a result, given the facts of Leal's case, we concluded that "it does not appear beyond a doubt from the complaint itself that Leal can prove no set of facts which would avoid a statute of limitations bar." Id. We vacated the district court's opinion and remanded for Leal to present his argument to that court first.

Although the procedural posture here is similar, Hughes, unlike Leal, has pointed us to no particular reason why the statute of limitations might be tolled in his case, and we can discern none from the record. We therefore conclude that the

district court did not abuse its discretion in dismissing Hughes's claim. The district court's order did not, however, specify that it dismissed this claim with prejudice. Thus, if Hughes is able to plead facts that would support a finding that the statute of limitations has been tolled, he should be granted leave to amend his complaint.

**AFFIRMED in part and REVERSED in part.**