[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10341
Non-Argument Calendar

_____

D. C. Docket No. 05-20283-CV-AJ

KENNETH D. HUMPHREY,
AFRICAN AMERICAN UPS CUSTOMERS,
RACIAL  MINORITY UPS CUSTOMERS,
AFRICAN DESCENDANT UPS CUSTOMERS,
Class Action Plaintiffs,

Plaintiffs-Appellants,

versus

UNITED PARCEL SERVICE,
DELL COMPUTER CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 18, 2006)**

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Kenneth Humphrey, proceeding *pro se*, appeals the district court's decision to dismiss his complaint under Fed. R. Civ. P. 12(b)(6). Humphrey alleges (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962-1964; (2) racial discrimination in violation of 42 U.S.C. §§ 1981, 1982; and (3) racial discrimination in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d by Appellees United Parcel Service ("UPS") and Dell Corporation ("Dell"). Upon review of the record and briefs, we find that Humphrey did not allege predicate criminal activity under RICO or allege facts that demonstrate disparate treatment on the basis of race. Accordingly, we affirm the decision below.

*Background*

According to Humphrey's complaint, he ordered a business computer system from Dell using expedited delivery. Dell uses UPS exclusively for shipping purposes, and Humphrey was subsequently informed that his computer was awaiting pickup at the UPS will-call office. Humphrey attempted to retrieve his computer, but was denied delivery because the address listed on his driver's license did not match the delivery address. After obtaining further identification, Humphrey again attempted to pick up the computer, and it was released to him later that day. Humphrey, who is African-American, alleges that Dell and UPS

2

used security concerns as a ploy to unnecessarily prolong and complicate delivery of the computer, and that their actions were motivated by racial animus.

*Standard of Review*

We review *de novo* a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). We accept the allegations in the complaint as true and construe them in the light most favorable to Humphrey. *Id.* at 1263. As Humphrey is proceeding *pro se,* we will construe his pleadings liberally, and we will hold them to a less stringent standard than we would hold pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

*Discussion*

The RICO Act allows for recovery for injuries based on violations of RICO's criminal provisions. 18 U.S.C. § 1964(c); *Langford v. Rite Aid of Ala., Inc.,* 231 F.3d 1308, 1311 (11th Cir. 2000). "The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* For RICO purposes, racketeering activity is defined as an act that is indictable under a list of criminal offenses including, *inter alia*, murder, kidnaping, gambling, arson, robbery, bribery, extortion, mail fraud, wire fraud or counterfeiting and a pattern is defined as two predicate acts of

3

racketeering activity within ten years. *Id.* at 1311-12; *see also* 18 U.S.C. §1961. Humphrey's claim clearly does not fall within these provisions. A single incident of delay in delivering a computer do not constitute criminal offenses under RICO, nor does it establish a pattern of RICO violations. Accordingly, we affirm the dismissal of Humphrey's RICO claim.

Humphrey further makes a racial discrimination claim under 42 U.S.C. §§ 1981, 1982, alleging that UPS subjects minority customers to delay and harassment when picking up their deliveries. For a successful claim under § 1981, Humphrey was required to demonstrate that UPS and Dell intentionally discriminated against him because of his minority status with regard to certain enumerated activities. *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000) (noting that intent to discriminate on the basis of race is the "critical element" of a § 1981 claim). Similarly, for a § 1982 claim, Humphrey was required to demonstrate that he was deprived of his property interest because of an intentional act based on racial animus. *Jackson v. Okaloosa County, Fla.* 21 F.3d 1531, 1543 (11th Cir. 1994). Humphrey's complaint, taken in the most favorable light possible, merely demonstrates that he was temporarily deprived of his property because of UPS procedures. It fails entirely to state facts sufficient to show that the restrictions were imposed on him because of his race or to compare his

4

treatment to that of other groups picking up deliveries at the will-call center. His claim therefore fails, and we find that it was properly dismissed by the district court.

Finally, Humphrey alleges that as a recipient of federal funding, UPS can be held liable for racial discrimination under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. "Title VI prohibits discrimination on account of race, color, or national origin in all programs and activities receiving federal financial assistance." *Robinson v. Vollert*, 602 F.2d 87, 89 (5th Cir. 1979). Specifically, the statute requires that a person prove that he was denied participation, based on his race, in a federally funded program for which he was otherwise qualified. 42 U.S.C. § 2000d. Since Humphrey does not claim that he was eligible for federal funding, but merely that UPS received some federal assistance, Title VI does not apply to him. We therefore find that the district court correctly dismissed his claim.

**AFFIRMED.**