[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12203
Non-Argument Calendar

_____

D. C. Docket No. 07-00066-CV-3-LAC-MD

VICTOR RENE ANGULO,

Plaintiff-Appellant,

versus

SCOTT FISHER,
Warden,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 11, 2008)

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Victor Rene Angulo, a *pro se* federal prisoner, filed this court access action against the warden at Federal Prison Camp (FPC) Pensacola alleging he was denied meaningful access to the courts because FPC Pensacola failed to provide him with either legal research materials in Spanish or an alternative method to research potential claims. Specifically, Angulo maintained FPC Pensacola's lack of legal aid or research materials for non-English speaking inmates prevented him from discovering his trial counsel was ineffective when trial counsel did not raise as a defense the fact that Angulo legally possessed controlled substances in the normal course of his import-export business.[1] Angulo alleged he was forced to rely on "jailhouse lawyers" to file a 28 U.S.C. § 2255 motion, and he did not assert his ineffective assistance claim. He only discovered his ineffective assistance claim after another inmate, who was not at FPC Pensacola when he filed his § 2255 motion, informed him about the claim. The district court dismissed the complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim because it did not identify an actual injury, as required by *Lewis v. Casey*, 116 S. Ct. 2174 (1996).

We review *de novo* a § 1915(e)(2)(B)(ii) *sua sponte* dismissal for failure to state a claim, viewing the complaint's allegations as true. *Hughes v. Lott*, 350 F.3d

---

[1] Angulo was convicted by a jury of two counts: (1) conspiracy to import cocaine; and (2) importation of cocaine into the United States. 21 U.S.C. §§ 963, 952(a).

1157, 1159-60 (11th Cir. 2003).  An inmate asserting an access claim "must identify within his complaint, a 'nonfrivolous,' 'arguable' underlying claim," as "an access claim is to provide vindication for a separate and distinct right to seek judicial relief."  *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2996 (2007).  A plaintiff can establish actual injury by demonstrating his "efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in the legal assistance program." *Id.* at 1225.

We need not decide whether FPC Pensacola's lack of legal aid or research materials for non-English speaking inmates prevented Angulo from discovering his ineffective assistance of counsel claim because his claim is frivolous.  Angulo claimed his trial counsel was ineffective because he did not present the defense that Angulo was allowed to legally import a controlled substance since it was done in the normal course of his import-export business.  *See* 21 U.S.C. § 957(b)(1)(B). However, 21 U.S.C. § 957(b)(1)(b) lists an exemption to those who are required to register to import a controlled substance under 21 U.S.C. § 957(a).  The exemption does not apply to Angulo's statutes of conviction, 21 U.S.C. §§ 952(a) and 963. Thus, Angulo's claim is frivolous and we affirm the district court's dismissal.

**AFFIRMED.**

3