[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13289
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62627-JIC

ANTHONY BROWN,

Plaintiff-Appellant,

versus

OFFICER JOSEPH CALICCHIO,
OFFICER WILLIE JONES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 25, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Brown, a prisoner proceeding *pro se* and *in forma pauperis*,

appeals the district court's *sua sponte* dismissal, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), of his 42 U.S.C. § 1983 complaint for failure to state a claim.

Brown's complaint alleged that Officers Joseph Calicchio and Willie Jones

violated his constitutional rights through an illegal warrantless entry into his

apartment and the excessive use of force.  In addition, however, Brown's

complaint incorporates the entire police report of the incident submitted by Officer

Calicchio.

We review *de novo* a district court's *sua sponte* dismissal for failure to state

a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and view the allegations in the

complaint as true.  *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  For

proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the

court determines that the action or appeal fails to state a claim on which relief may

be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal under § 1915(e)(2)(B)(ii) is

governed by the same standard as a dismissal under Fed.R.Civ.P. 12(b)(6).

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissal for failure to

state a claim is appropriate if the facts as pleaded fail "to state a claim to relief that

is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009) (quotation omitted) (involving a Rule 12(b)(6)

dismissal).  *Pro se* pleadings are construed liberally.  *Hughes*, 350 F.3d at 1160.

Section 1983 provides a remedy for the deprivation of federal civil rights by

a person acting under color of state law.  *See* 42 U.S.C. § 1983.

2

## I. Warrantless Entry

On appeal, Brown argues that the officers illegally entered his apartment without a warrant, his consent, or exigent circumstances.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  A warrant is not required for police to enter a private dwelling when exigent circumstances, including the need to protect or preserve life, mandate immediate action.  *Bates v. Harvey*, 518 F.3d 1233, 1245-46 (11th Cir. 2008).

Here, we find the district court did not err in concluding that under the totality of the circumstances as set forth in the Complaint incorporating the police report, Officers Calicchio and Jones lawfully entered Brown's residence without a warrant because exigent circumstances existed.  *See Bates*, 518 F.3d at 1245-46.  The police report indicates that Officers Calicchio and Jones were at Brown's residence to respond to his wife's domestic violence complaint. She provided officers with a key to the residence after Brown failed to respond to their requests that he open the door.  The door was chained from the inside and when Officer Calicchio looked through the partially opened door, he saw Brown concealing an unknown object in his right hand slightly behind his leg and yelling that he was not going back to prison.  Officer Calicchio told Brown that he only wanted to speak with him, and asked him to show his hands but Brown first retreated and then re-

3

emerged from the bathroom, keeping the right side of his body concealed behind the bathroom wall.  Concerned that Brown might have a weapon or hurt himself in his agitated state, Officer Calicchio then broke the chain on the door and entered the apartment.  Under the circumstances relayed here, we cannot say the district court clearly erred in finding that exigent circumstances existed, obviating the requirement for a warrant to enter the apartment. [1]

## II. Excessive Force

When an "excessive force claim arises in the context of an arrest, . . . it is most properly characterized as one invoking the protections of the Fourth Amendment" and analyzed under the objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). The right to make a lawful arrest necessarily carries with it the right to use some degree of physical coercion when force is necessary and proportional under the facts and circumstances of each particular case.  *See id.* at 396, 109 S.Ct. at 1871-72.  The amount of force that a police officer reasonably can use without being excessive, however, depends on the totality of the circumstances, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the

---

[1] Brown also argues for the first time on appeal that the officers exceeded the scope of his wife's consent when they broke the door's chain to enter the apartment, but we will not consider this argument. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249-50 (11th Cir. 2012) (explaining that we have discretion to decline to hear arguments not raised in the district court).  In any event, because exigent circumstances were present, the officers no longer required consent to enter.

4

safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 109 S.Ct. at 1872.

In this case, the Officers discovered that the object Brown was concealing was a large kitchen knife which he then held to his neck. The officers repeatedly commanded him to drop the knife and when he began to work his way back to the bathroom screaming that he was not going back to jail, the officers tasered him. Brown argues that this constituted excessive force. We find no error in the district court's conclusion that under these circumstances, Officer Calicchio's use of the taser to subdue Brown was not objectively unreasonable and therefore, excessive force was not used.

**AFFIRMED.**