[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10126
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-61883-WJZ

FABIAN MONCRIEFFE,

Plaintiff-Appellant,

versus

BROWARD COUNTY
STATE ATTORNEY'S OFFICE, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Fabian Moncrieffe, a prisoner proceeding pro se, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  Moncrieffe alleged violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and resulting emotional distress.  The magistrate judge concluded that Moncrieffe's constitutional claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S. Ct. 2364, 2373 (1994), because he failed to show that his conviction for violating his probation was reversed or expunged before bringing the instant action.  The district court subsequently dismissed Moncrieffe's complaint, and adopted the magistrate's report and recommendation.  On appeal, Moncrieffe presented no arguments and merely restated the five claims found in his complaint.  Upon review of the record and consideration of Moncrieffe's brief, we affirm.

We review de novo a district court's *sua sponte* dismissal for failure to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B), viewing the allegations in the complaint as true.  *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  Section 1915(e) provides that an *in forma pauperis* action or appeal shall be dismissed at any time if the court determines that it fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

2

Under *Heck*, if a judgment in favor of the plaintiff on his § 1983 complaint for money damages "would necessarily imply the invalidity of his conviction or sentence," the district court must dismiss the complaint unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S. Ct. at 2372. "[E]ven when the plaintiff does not seek such damages, his suit may be barred if, for example, he must negate an element of the offense of which he has been convicted in order to prevail . . . ." *Hughes*, 350 F.3d at 1160 (internal quotation marks omitted). If success on the complaint would not necessarily invalidate the conviction or sentence, however, then the § 1983 action should be allowed to proceed, absent some other bar to suit. *Heck*, 512 U.S. at 487, 114 S. Ct. at 2372–73.

Finally, reputation alone, apart from some other tangible interest, is not a "liberty" or "property" interest by itself sufficient to invoke the procedural protection of the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 701–02, 96 S. Ct. 1155, 1160–61 (1976) (noting that the weight of decisions "establishes no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment") (internal citation omitted). "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S. Ct. 1789, 1794 (1991). Specifically,

3

defamation occurring without the termination or significant alteration of some other legal right or status will not suffice to constitute a deprivation sufficient to state a claim under § 1983. *See Von Stein v. Brescher*, 904 F.2d 572, 582 (11th Cir. 1990).

Here, the district court did not err by dismissing Moncrieffe's complaint as barred by *Heck*. Viewing all of the allegations in Moncrieffe's complaint as true, a judgment in his favor, whether it is an award for damages or an order for his release, would necessarily imply that his conviction for violating his probation is invalid. *See Heck*, 512 U.S. at 487, 114 S. Ct. at 2372. While Moncrieffe rightfully asserts that his escape conviction was vacated and discharged, his conviction for violating probation is still valid. As noted by the magistrate, until Moncrieffe files a habeas corpus petition pursuant to 28 U.S.C. § 2254 to attack his probation violation conviction, his claims under § 1983 are barred. Additionally, we note that Moncrieffe's defamation claims are not actionable in the instant case because they do not qualify as constitutional deprivations under the law of this Circuit. *See Von Stein*, 904 F.2d at 582.

After careful review of Moncrieffe's complaint, and upon consideration of his brief, we conclude that he has failed to state a claim for which relief may be granted. For the above reasons, we affirm the district court's dismissal of Moncrieffe's § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED.**