[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13320
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01774-EAK-EAJ

JERLARD DEREK REMBERT,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 24, 2014)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jerlard Derek Rembert, proceeding *pro se,* brought this action under 42 U.S.C. § 1983 alleging that "the actions of the state of Florida trying and convicting him while incompetent to proceed proximately caused his unlawful confinement and involuntary servitude resulting in violation of his rights under the 8th, 13th, and 14th Amendments of the Constitution." The trial occurred in Pinellas County, Florida, on February 13, 1995. He was convicted and incarcerated from February 16, 1995, to January 31, 2013.

The District Court dismissed Rembert's complaint *sua sponte* without prejudice for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii), because his claims were time-barred under § 1983's four-year statute of limitations.[1]    He appeals the dismissal. We affirm.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and view the allegations in the complaint as true. *Hughes* v. *Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003). A *sua sponte* dismissal for frivolity under § 1915(e)(2)(B)(i), however, is reviewed for abuse of discretion. *Id.* at 1160. In *Hughes,* we reviewed the district court's *sua sponte* dismissal of a time-barred § 1983 claim for abuse of discretion because the court found it was frivolous

---

[1] The District Court incorrectly cited 28 U.S.C. § 1915A as the basis for its *sua sponte* review of Rembert's complaint, as he was no longer a prisoner at the time the complaint was filed. However, because Rembert moved for leave to proceed *in forma pauperis,* his complaint was subject to screening under 28 U.S.C. § 1915(e)(2).

2

under § 1915(e)(2)(B)(i). *Id.* at 1163.   More recently, in *Jones* v. *Bock,* the Supreme Court reiterated that, if a complaint's allegations taken as true show that the plaintiff is not entitled to relief, then the complaint is subject to dismissal for failure to state a claim.   549 U.S. 199, 214-15, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).   In discussing whether exhaustion under the Prison Litigation Reform Act must be pled in the complaint, the Court illustrated that a claim for relief barred by the applicable statute of limitations was an example of such an instance where a complaint would fail to state a claim for relief. *Id at* 215, 127 S.Ct. at 920-21.

Here, even under the more generous *de novo* standard of review supplied by § 1915(e)(2)(B)(ii), Rembert's arguments on appeal are without merit. Section 1915 of Title 28 of the U.S. Code governs proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that... the action or appeal... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii)is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell* v. *Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,173 L.Ed.2d 868 (2009) (citation omitted). The "plaintiffs obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

3

a cause of action will not do." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (alterations and citation omitted). Despite the fact that a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. We hold pro *se* pleadings to a less strict standard than pleadings filed by lawyers, and, thus, they are liberally construed. *Alba* v. *Montford,* 517F.3dl249, 1252 (11th Cir. 2008).

A § 1983 claim is governed by the forum state's residual personal injury statute of limitations, and, in Florida, "a plaintiff must commence a § 1983 claim ... within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade,* 178 F.3d 1175, 1188 (11th Cir. 1999); *see also* Fla. Stat. Ann. § 95.11(3)(p). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis,* 85 F.3d 556, 561-62 (11th Cir. 1996) (quotations and alterations omitted). To determine when a plaintiff could have sued for an injury, the court first must identify the injury alleged. *Id.* at 562.

Based on the four-year statute of limitation for § 1983 claims, Rembert's last date to timely file a civil action was in 1999. Rembert filed his complaint on July 9, 2013, well after the running of the applicable statute of limitations, and as such, his complaint failed to state a cognizable claim for relief.

AFFIRMED.