[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10549
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-62602-WPD


HERMON TYWON WILLIAMS,

Plaintiff-Appellant,

versus

JUDGE ELIZABETH A. SCHERER,
Broward County Courthouse,
17th Judicial Circuit Court, in
and for Broward County, State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 18, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Hermon Williams appeals *pro se* from the dismissal of his 42 U.S.C. § 1983 civil-rights action, filed in federal district court, for money damages against Judge Elizabeth Scherer, the presiding judge in two criminal cases against Williams in Florida state court. Williams's complaint alleges violations of his constitutional rights arising out of several of Judge Scherer's decisions in his criminal cases, including the denial of his request to represent himself. The district court, acting *sua sponte*, found that Judge Scherer was entitled to judicial immunity and so dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Williams proceeded *in forma pauperis*, his complaint was subject to 28 U.S.C. § 1915, which authorizes the district court to dismiss a complaint at any time if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). We review a district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). We liberally construe the filings of *pro se* litigants. *Id.*

A judge is absolutely immune from § 1983 claims for damages based on judicial acts, unless the judge acted in the clear absence of jurisdiction. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *see Forrester v. White*, 484 U.S.

2

219, 227, 108 S. Ct. 538, 544 (1988). Whether the act complained of is a "judicial" one depends on whether it is a function normally performed by a judge and whether it was performed in a judicial setting. *Scott v. Hayes*, 719 F.2d 1562, 1564–65 (11th Cir. 1983) (noting four factors relevant to this inquiry). Immunity applies even if the judge's acts are in error, are malicious, or are in excess of jurisdiction. *Sibley*, 437 F.3d at 1070. Further, § 1983 may not be used a device for collateral review of state-court judgments. *Id.*

Judge Scherer is entitled to judicial immunity from Williams's § 1983 suit for money damages. All of Judge Scherer's challenged actions—denials of Williams's *pro se* motions in pending criminal cases before the judge—plainly were judicial acts, and Williams has not put forth any allegations or reasons to indicate that Judge Scherer acted in the clear absence of jurisdiction. *See id.* Williams cannot litigate the merits of his criminal cases through a § 1983 action in federal court. Accordingly, the district court properly dismissed *sua sponte* Williams's § 1983 action.[1]

**AFFIRMED.**

---

[1] While judicial immunity is an affirmative defense that normally must be pled, and it was not in this case, "dismissal is available, as in this case, when the defense is an obvious bar given the allegations." *Sibley*, 437 F.3d at 1070 n.2; *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (authorizing *sua sponte* dismissal where the action "seeks monetary relief against a defendant who is immune from such relief").

3