[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12851
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-61131-RAR

ERIC WATKINS,

Plaintiff-Appellant,

versus

PLANTATION POLICE OFFICER WILLIAM OBRIEN,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 3, 2020)

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  On appeal, he argues that the district court erred because his complaint properly states a claim and alleges facts sufficient to warrant relief.[1]  We affirm.

## I. Background

This case represents Watkins's fourth attempt to sue Officer O'Brien for an alleged violation of Watkins's First Amendment right to free speech and Fourth Amendment right against unreasonable searches and seizures.[2]  The asserted

---

[1] Watkins also appeals the district court's failure to allow him to amend his complaint. The district court failed to address Watkins's request in his objections to the magistrate judge's report and recommendation for leave to amend his complaint.  Nevertheless, we are able to resolve this issue without remanding to the district court for consideration in the first instance because the proper resolution is beyond any doubt.  *See Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1342 (11th Cir. 2001) (stating that, while we generally avoid addressing issues on appeal for the first time, we may do so "where the proper resolution is beyond any doubt." (quoting *Narey v. Dean*, 32 F.3d 1521, 1526–27 (11th Cir. 1994))).  Here, as discussed further, because Watkins failed to comply with the relevant statute of limitations, any amendment to his complaint would be futile.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a court need not allow an amendment "where amendment would be futile").

[2] Watkins filed his first § 1983 complaint against O'Brien in July 2015, alleging violations of the First and Fourth Amendment, which was dismissed without prejudice after Watkins failed to prosecute and prepare a summons.  *Watkins v. O'Brien*, No. 15-CV-61556-JIC (S.D. Fla. Dec. 16, 2015) ("*Watkins I*").  Meanwhile, Watkins filed a second complaint against O'Brien in August 2015, which was dismissed without prejudice for failure to state a claim.  *Watkins v. O'Brien*, No. 15-CV-61592-JIC (S.D. Fla. Jan. 29, 2016) ("*Watkins II*").  Watkins filed a third complaint in March 2016, which was dismissed without prejudice by the district court for failure to state a claim. *Watkins v. O'Brien*, No. 16-CV-60437-KMW (S.D. Fla. Apr. 7, 2016) ("*Watkins III*").  Watkins moved for an extension of time to file an out-of-time appeal in *Watkins III*, which the district court denied, and we affirmed.  *Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 995 (11th Cir. 2018) (affirming the denial of Watkins's motion for an extension of time to file a notice of appeal

violation occurred on November 28, 2013, when O'Brien allegedly searched Watkins's car without reasonable suspicion or probable cause and trespassed him from a Florida business parking lot, which caused Watkins to suffer emotional distress.

On May 18, 2018, Watkins filed the instant fourth complaint and requested permission to proceed *in forma pauperis* ("IFP").  The magistrate judge recommended that the complaint be dismissed without prejudice for failure to state a claim, and that Watkins's IFP application be denied as moot.  Watkins objected to the recommendation, reiterating the factual details of his complaint and contending they were sufficient.  After conducting a *de novo* review, the district court accepted the magistrate judge's recommendation, reasoning that Watkins had made "the same conclusory allegations set forth in [his prior complaints], which were ultimately dismissed for failure to state a claim."  Watkins timely appealed.

## II. Discussion

Watkins asserts that the district court erred by dismissing his complaint for failure to state a claim.  We review *de novo* a district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), accepting all of the plaintiff's allegations in the complaint as true.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

and noting that because the district court's dismissal was without prejudice, Watkins was "free to attempt to raise his claims in another § 1983 complaint").

"[We] may affirm on any ground supported by the record." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007).

Section 1915 of Title 28 of the United States Code governs IFP proceedings. 28 U.S.C. § 1915. Under this statute, "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as time-barred and thus frivolous pursuant to § 1915(e)(2)(B)(i) if it "appear[s] beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Hughes v. Lott,* 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001)); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*) ("A complaint is also subject to dismissal [for failure to state a claim] when its allegations—on their face—show that an affirmative defense bars recovery on the claim."), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008). Thus, pursuant to Florida law, Watkins had to file his § 1983 claim "within

four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999).  Here, the allegedly unconstitutional acts occurred on November 28, 2013.  But Watkins did not file the underlying complaint until May 18, 2018, more than four years after the fact.[3]  Accordingly, his complaint was subject to dismissal pursuant to § 1915(e)(2)(B).[4]  *See Hughes*, 350 F.3d at 1163; *Marsh*, 268 F.3d at 1022.

   **AFFIRMED.**

---

[3] Although Watkins previously filed three timely § 1983 complaints based on the same allegedly unconstitutional acts, those complaints were dismissed without prejudice, and "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations." *Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993).  While a court may equitably toll a limitations period, the plaintiff must establish that equitable tolling is warranted. *Id.* at 1479.  Watkins has not provided us with any reason why the statute of limitations should be equitably tolled, and we can identify none from the record.  *See Hughes*, 350 F.3d at 1163 (affirming the district court's *sua sponte* dismissal pursuant to § 1915(e)(2)(B)(i) for the plaintiff's failure to comply with the relevant statute of limitations where plaintiff "pointed . . . to no particular reason why the statute of limitations might be tolled in his case, and we can discern none from the record").

[4] Had Watkins wanted to have us address whether his complaint stated a viable claim for relief, he could have timely appealed *Watkins I*, *Watkins II*, or *Watkins III*.  He did not.