[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14200
Non-Argument Calendar

_____

D.C. Docket No. 6:20-cv-00727-GKS-DCI

JOSEPH HEID,

Plaintiff-Appellant,

versus

MARK RUTKOSKI,
FORREST BEST,
ORANGE COUNTY SHERIFF'S DEPARTMENT,
JOHN W. MINA,
Sheriff,

Defendants-Appellees,

JERRY L. DEMINGS,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2021)

Before MARTIN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Joseph Heid appeals the district court's sua sponte dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), of his second amended civil rights complaint under 42 U.S.C. § 1983. The sole issue on appeal is whether the district court erred in dismissing the action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants were never served and therefore have not filed a brief on appeal. After review,[1] we reverse and remand for further proceedings consistent with this opinion.

## I. PROCEDURAL HISTORY

On April 27, 2020, Heid, a state prisoner, filed a pro se civil rights complaint against the Orange County, Florida Sheriff's Department (the Sheriff's Department), former Orange County Sheriff Jerry L. Demings, and two Orange County deputy sheriffs, Mark Rutkoski and Forrest Best. Heid alleged that on April 26, 2016, Rutkoski and Best shot him six times "as he exited his home with his hands raised, declaring he was unarmed and surrendering." Heid also asserted the Sheriff's Department had failed to provide Rutkoski and Best with adequate

---

[1] The district court stated it was dismissing the case "in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii)." We review the district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo, viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

training.  Along with the complaint, Heid filed an application to proceed in forma pauperis (IFP).

Heid then filed the court's required Notice of Pendency of Other Actions, noting his case was related to a criminal action in the Ninth Judicial Circuit Court of Florida.[2]  On May 15, 2020, the district court issued an order directing Heid to correct numerous deficiencies in his complaint, explaining that Heid was required to state with particularity which of his constitutional rights had been violated and how each defendant had been involved in the alleged violations.  Relevant here, the court noted Heid's criminal prosecution appeared to arise from or otherwise involve the same allegations as his civil case.  The court directed Heid to file an amended complaint providing further details about his criminal case.  Specifically, the court stated as follows:

> Plaintiff must clearly set forth the status of the underlying state criminal prosecution arising from the allegations in this case.  He should include all of the charges filed against him, whether the case has proceeded to trial, and the outcome of the trial.  Plaintiff should include an identification of the convictions and sentences and whether any of the Defendants herein were involved as victims or witnesses in the state criminal prosecution.

The court cautioned that failure to fully comply with its order would result in dismissal of the action without further notice.

---

[2] *See State of Florida v. Heid*, No. 2016-CF-005268-A-O (Fla. Cir. Ct. Apr. 28, 2016).

3

Heid obtained counsel.  Through counsel, he filed a first amended complaint against the same defendants, except current Orange County Sheriff John W. Mina was named in place of Demings.  The amended complaint set forth claims under 42 U.S.C. § 1983 for excessive force and failure to train, but it did not provide any information about Heid's criminal prosecution.  There is no indication on the docket any attempt was made to serve defendants.

Heid's amended complaint, filed by counsel, failed to provide any information about Heid's criminal prosecution.  Therefore, the district court could have begun the process for dismissing the action for failure to comply with its May 15, 2020, order.  However, the court did not do so.  Instead, on June 8, 2020, the court issued a second order again directing Heid to comply with its order of May 15, 2020.  The court again cautioned that failure to comply would result in dismissal of the action without further notice.

On June 23, 2020, Heid filed a second amended complaint.  Heid stated that in his state criminal case, he had been found guilty on February 7, 2018, of attempted first-degree murder and three counts of aggravated assault with a weapon, and that he was currently serving a 20-year sentence.  He stated he had also been charged with two counts of resisting an officer with violence, but no action was taken on those counts.  Heid further stated Rutkoski and Best were

4

witnesses for the state at trial.  Heid cited an "Exhibit A" in reference to his criminal case, but he did not attach any exhibits to his complaint.

With respect to his § 1983 claims, Heid alleged the following.  On April 26, 2016, officers were dispatched to his home to arrest him.  He exited his home with his hands up, verbally informing the officers he was unarmed and surrendering.  Rutkoski fired twice into Heid's left thigh without warning.  Heid turned his back and was shot again, fell face down to the ground and was shot again, and rolled onto his back and was shot again.  Collectively, Rutkoski and Best shot Heid six times.  Heid alleged he was not a danger to the officers or anyone else and was not attempting to escape arrest.  Heid asserted a failure-to-train claim against the Sheriff's Department (Count 1), and an excessive force claim against Rutkoski and Best (Count 2).  Once again, no defendant was served with the complaint.

Although the second amended complaint indicated Rutkoski and Best were witnesses for the state at trial, it failed to indicate whether Rutkoski and Best were involved as victims, as the May 15, 2020, order had directed.  Once more, the court could have begun the process of dismissing the action for failure to comply with its prior order, but it did not do so.  Instead, on June 25, 2020, the court issued another order directing Heid to file a memorandum setting forth whether Rutkoski or Best "was a victim or otherwise a subject of the charges."  The court again cautioned

5

that failure to fully comply with its order would result in dismissal of the action without further notice.

In response to the court's order, Heid filed a memorandum explaining that he first encountered law enforcement officers at the rear of his home, and this was where the attempted murder and aggravated assault had occurred. "At that time," Heid stated, "while standing at the rear of the home, [he] allegedly had a shot gun in his hands and fired at one or more officers," but he could not identify who they were. Heid stated he then tried to surrender peacefully at the front of his home. Heid declared he did "not know if [Rutkoski or Best] had previously been amongst the officers who were at the rear of the home or not," and he presumed the officers in the front "were a different group of officers, since the entire perimeter of the home was surrounded."

Even though Heid had already been tried and convicted, he still did not state who the victims of the attempted murder and aggravated assault were, and therefore still did not comply with the court's prior orders. But the court did not begin the process for dismissing the action on this basis. Instead, on July 14, 2020, the court directed Heid to file, within 14 days, the "Exhibit A" referenced in the second amended complaint and a copy of his state-court judgment and sentence. Heid failed to comply within the required timeframe, and a magistrate judge

6

directed him to show cause within ten days why the case should not be dismissed for failure to comply with the court's order.

Heid then filed a copy of the state-court docket, minutes from his arraignment, a scheduling order, and a list of video evidence, which he stated could "be turned over for review upon court order." Heid also stated he was serving a life sentence, not a sentence of 20 years, as stated in the second amended complaint. Heid separately filed a response to the order to show cause stating he was unable to locate a copy of his sentencing order.

The court at this stage could have begun the dismissal process based on Heid's failure to provide a copy of "Exhibit A" and his state-court judgment and sentence, but it did not do so. Instead, the court gave Heid another opportunity to file these materials, cautioning that failure to do so would result in dismissal without further notice.

Heid then filed a copy of the state-court docket, which he identified as the missing "Exhibit A," and a copy of his sentencing order. The "charge details" listed at the top of the docket sheet reported that, after a jury trial, Heid was convicted of the following offenses against law enforcement officers, all of which occurred on April 26, 2016: attempted first-degree murder with a firearm (Count 1), and aggravated assault with a deadly weapon (Counts 2-4). The docket sheet also indicated that Heid had been charged with resisting an officer with violence,

but no action had been taken on that charge.  The sentencing order reflected that Heid was serving a sentence of life imprisonment.

On October 20, 2020—nearly six months after Heid filed suit—the district court dismissed the action without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  The court stated the record revealed Heid had been charged with, and found guilty of, one count of attempted murder and three counts of aggravated assault with a deadly weapon "as a result of the incident involving . . . Rut[k]oski and Best."  The court concluded *Heck* applied because Heid would have to "establish that he did not commit the offenses for which he was convicted" to prevail on his civil rights claims, and therefore, "a judgment in Plaintiff's favor . . . would necessarily imply the invalidity of his underlying conviction[s]."  The court did not provide any further analysis or explain what information it relied on in reaching this conclusion.  Nor did it provide any information about the events giving rise to Heid's criminal convictions and their relationship to Heid's § 1983 claims.

Heid timely appealed.  Because defendants were never served in the district court, they had no opportunity to appear in the district court.  Nor have they had an opportunity to appear in our court.

8

## II. DISCUSSION

Under *Heck v. Humphrey*, a state prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The rule in *Heck* avoids "the problem inherent in two potentially conflicting resolutions arising out of the same set of events by foreclosing collateral attacks on convictions through the vehicle of a § 1983 suit." *McClish v. Nugent*, 483 F.3d 1231, 1250 (11th Cir. 2007).

*Heck* bars § 1983 actions for damages that are "directly attributable" to a prisoner's conviction or confinement as well as those "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486-487 & n.6. As an example of the latter category of suit, the Supreme Court noted a prisoner convicted of resisting a lawful arrest could not pursue a § 1983 action for damages against the arresting officer based on his Fourth Amendment right to be free from unreasonable seizures because "[i]n order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted." *Id.* at 486 n.6. We observed that in this example, the plaintiff's conviction and § 1983 claim "share a common element,"

9

and to succeed on the § 1983 claim, the plaintiff would have to show, in conflict with his underlying criminal conviction, the unlawfulness of his arrest. *McClish*, 483 F.3d at 1250-51.

We have held that for *Heck* to apply, "it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory." *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007). "In other words, as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Id.* at 879–80.

The district court erred in concluding a judgment in Heid's favor on his excessive force and failure-to-train claims would necessarily imply the invalidity of his state-court convictions for attempted murder and aggravated assault. Heid alleges that when Rutkoski and Best shot him, he posed no threat to them and had his arms raised. A successful excessive force claim based on these allegations— which we are obligated to accept as true—does not "logically contradict[]" Heid's underlying convictions, which we know little about based on the limited record before us. *See Dyer*, 488 F.3d at 884; *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1193-97 (11th Cir. 2020) (*Heck* did not bar excessive force claim based on unprovoked shooting where prisoner was found guilty of aggravated assault against another officer); *Dixon v. Hodges*, 887 F.3d 1235, 1238-40 (11th Cir. 2018) (*Heck* did not bar prisoner found guilty of battery

against a correctional officer from pursuing excessive force claim against officer); *Willingham v. Loughnan*, 261 F.3d 1178, 1183 (11th Cir. 2001) (jury's finding that officers engaged in excessive force did "not necessarily call into question" the validity of plaintiff's convictions for attempted second-degree murder and battery against officers), *cert. granted and vacated on other grounds*, 537 U.S. 801 (2002).

The factual circumstances surrounding Heid's attempted murder and aggravated assault convictions are unknown from the limited record in this case and were not explained by the district court.[3]  It is unclear how quickly the entire incident unfolded, which officers Heid assaulted, or where Rutkoski and Best were located.  Heid submitted the attempted murder and aggravated assaults took place before Rutkoski and Best shot him, in a different part of his home, and suggested Rutkoski and Best were not among the officers he shot.  This version of events may or may not prove true.  But without a more developed record, it was error for the court to conclude Heid's § 1983 claims *necessarily* implied the invalidity of his convictions.  Because there exists "a construction of the facts that would allow the underlying conviction[s] to stand," *Heck* does not bar Heid's suit at this stage of the proceedings.  *Dyer*, 488 F.3d at 880.

---

[3] We question whether the district court had before it complete and accurate information about Heid's convictions to the extent the conviction information was based on Heid's state-court docket sheet.

11

## III.  CONCLUSION

The record reveals the district court could have begun the dismissal process for this action at numerous points in the litigation but elected not to do so.  The district court issued five orders, not counting the magistrate judge's order to show cause, directing Heid to provide specific information about his criminal prosecution, including whether Rutkoski and Best were victims of the attempted murder and aggravated assault charges.  Heid never fully complied with any one of the district court's orders, and the court could have initiated the dismissal process on this basis on at least four occasions.  Additionally, this case has reached our court without defendants knowing of Heid's lawsuit or having an opportunity to respond.

There are many potential ways the court could have dismissed this case. The one it chose, however, has caused us to reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**