[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11134
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-14262-JEM


ANGEL L. ROSA,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
REGIONAL DIRECTOR MARTA VILLA-CORTA,
OFC. MOORE,
State Classification Officer,
WARDEN, HARDEE CORRECTIONAL INSTITUTE,
ASST. WARDEN, HARDEE CORRECTIONAL INSTITUTION,
c/o Ms. Anderson, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Angel L. Rosa proceeding *pro se*, appeals the district court's dismissal of his action, filed pursuant to 42 U.S.C. § 1983, against the Florida Department of Corrections ("DOC") and various DOC employees, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). On appeal, Rosa asserts that his original complaint adequately stated a claim for relief and that the magistrate judge erred in requiring him to file an amended complaint. For the reasons set forth below, we affirm the dismissal of Rosa's complaint.

I.

On July 22, 2011, Rosa, a Florida prisoner, filed a *pro se* § 1983 complaint against the DOC and numerous DOC officials. In his complaint, Rosa alleged that several DOC officials conspired to retaliate against him for filing complaints against them. Further, he requested that the district court review all of his exhibits to "ascertain the seriousness" of his allegations. Rosa detailed the numerous grievances that he had filed against DOC officers at Hardee Correctional Institution ("Hardee CI"), where he had been incarcerated in 2009. On August 31, 2010, Rosa was transferred to Martin Correctional Institution ("Martin CI"). Rosa asserted that he was retaliated against through "bogus disciplinary reports," mental trauma, duress, inadequate food supply, and deliberate indifference to his safety.

2

Further, he claimed that DOC officials "maliciously and sadistically" searched him and seized his property, in violation of the Fourth Amendment. Finally, Rosa alleged that he was transferred from Martin CI to Everglades Correctional Institution in retaliation. Rosa named 18 defendants, including several officials from Hardee CI and Martin CI.

On August 24, 2011, the magistrate judge ordered Rosa to file an amended complaint. The magistrate noted that Rosa was apparently claiming retaliation at various correctional institutions for being a "writ writer." However, Rosa named multiple defendants, and his allegations were confusing and unclear. Further, many of the allegations involved defendants who are employed at Hardee CI, which is located in the Middle District of Florida, and any allegations against those individuals must be filed in that district. However, Martin CI was located in the Southern District of Florida and, thus, the magistrate instructed Rosa to file a proposed amended complaint, naming the specific acts of retaliation that took place at Martin CI, and the specific defendants, employed by Martin CI, who were responsible for those acts.

On September 1, 2011, Rosa filed a motion to amend the complaint and included the first amended complaint. Subsequently, on September 22, 2011, Rosa filed a motion for an extension of time to file a second amended complaint. The

magistrate granted Rosa's motion and cautioned him that, if he filed a second amended complaint, his first amended complaint would not be reviewed.

On October 14, 2011, Rosa filed a second amended complaint against Walter A. McNeil, Secretary of the DOC; Marta Villacorta, a regional director with the DOC; and numerous Martin CI officials, including: (1) Officer Moore; (2) Thomas Reid, the warden; (3) Mr. Inman, an assistant warden; (4) Officer Posten; (5) Lieutenant Bartfield; (6) Lieutenant Morales; (7) Sergeant Bator; (8) Officer Marrero; (9) Officer Lawrence; (10) Major Collins; (11) Inspector Buchanan; and (12) Officer Harris.  In his complaint, Rosa reasserted that DOC officials had retaliated against him for exercising his constitutional rights, and he specified his claims against each defendant.  In support, Rosa filed over 100 pages of exhibits.

On November 22, 2011, the magistrate conducted a preliminary screening of the second amended complaint and issued a report and recommendation ("R&R") that it be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  The magistrate also recommended that Rosa's prior complaints be dismissed.  As to the sufficiency of the second amended complaint, the magistrate found that Rosa's claims against Secretary McNeil, Director Villacorta, Warden Reed, and Assistant Warden Inman failed to state a claim under § 1983.  Specifically, Rosa failed to state a claim under § 1983 because he did not allege that these defendants were

4

directly involved in a constitutional violation and their liability was based solely on their supervisory positions. Moreover, Rosa failed to show a causal link between a government policy or custom and an alleged injury.

The magistrate further found that Rosa's allegations against Lieutenant Bartfield and Sergeant Bator were conclusory and failed to state a specific constitutional violation. Rosa alleged that Officers Marrero and Lawrence would do "all possible when told to retaliate" and would usually retaliate against inmates by writing false reports. However, these claims were also "completely conclusory," and, further, they were unrelated to Rosa. Next, Rosa alleged that Major Collins was advised that his officers were harassing, intimidating, and threatening Rosa, which resulted in an unsafe environment. However, Rosa did not provide specific facts as to the acts of retaliation and resulting injuries and, as such, Major Collins must be dismissed as a defendant. Further, Rosa's claims—that Inspector Buchanan did nothing to cure the constitutional violations of her subordinates and that Officer Harris was involved in transferring Rosa on behalf of her subordinates—were also "completely conclusory" and failed to state a claim. Additionally, Rosa's claim that Officer Morales threatened him with "setting him up" lacked any supporting facts. Finally, as to Rosa's claim that the DOC had denied him adequate meals and sanitary items, the DOC is not a person within the statute governing § 1983 cases.

5

The magistrate noted that Rosa had submitted over 80 pages of grievances in support of his complaint. However, the magistrate explained that, to successfully state a claim under § 1983, Rosa was required to demonstrate, on the face of his complaint, that the named defendants violated his constitutional rights, and he failed to do so. Thus, Rosa's grievances could not be viewed separately to establish a claim for relief. In sum, the magistrate recommended that the complaint and first amended complaint be dismissed, and that the second amended complaint be dismissed for failure to state a claim.

Over Rosa's objections, the district court adopted the R&R, and dismissed the second amended complaint.

## II.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and view the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Although *pro se* pleadings are afforded a liberal construction, "issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6

Further, a dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Fed.R.Civ.P. 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although the complaint need not set forth detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Further, the factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. Thus, mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). Legal conclusions can provide a framework for the complaint, but they must be supported by factual allegations. *Id.* at 679, 129 S.Ct. at 1950.

Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001). Under the Federal Rules of Civil Procedure, "an amended complaint supersedes the initial complaint and becomes the operative

7

pleading in the case." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Further, while *pro se* pleadings are liberally construed, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir.2003). An inmate raises a First Amendment claim of retaliation if he shows that the prison official disciplined him for filing a grievance concerning the conditions of his imprisonment. *Id*. Government officials, however, "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*" in a § 1983 action. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Because vicarious liability is inapplicable to § 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Finally, "[a] state, a state agency, and a

state official sued in his official capacity are not 'persons' within the meaning of § 1983." *Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1524 (11th Cir. 1995). However, government entities may be held liable under § 1983 for the execution of a governmental policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978).

As a preliminary matter, on appeal, Rosa appears to discuss only the adequacy of his original complaint, without specifically addressing the allegations in his second amended complaint. Thus, he may have abandoned any argument that his second amended complaint adequately stated a claim for relief. *See Timson,* 518 F.3d at 874. However, Rosa generally challenges the dismissal of his case for failure to state a claim, and his second amended complaint was the operative complaint before the district court when it dismissed his case. *See Krinsk*, 654 F.3d at 1202. Thus, construing Rosa's brief liberally, we conclude that he has sufficiently challenged the dismissal of his second amended complaint. *See Timson,* 518 F.3d at 874

Further, the appellees suggest that Rosa is barred from challenging the magistrate's order that instructed him to file an amended complaint. However, because the magistrate's order was not the final judgment in the case, it appears that we may review Rosa's arguments regarding the order. *See Barfield v. Brierton*, 883 F.2d 923, 930-31 (11th Cir. 1989) (holding that, when reviewing a

9

final judgment, we generally also have jurisdiction to review "all prior non-final orders and rulings which produced the judgment"). Additionally, although Rosa complied with the order, he argued, in his objections to the R&R, that the magistrate misconstrued his original complaint and erred in requesting an amended complaint. Thus, it appears that Rosa has preserved this argument for appeal.

Regardless, neither of Rosa's complaints provided sufficient factual allegations to comply with the pleading standards set forth in *Twombly* and *Iqbal.* Rosa's original complaint asserted that various DOC officials: (1) retaliated against him for filing grievances, (2) conspired to place him in an unsafe environment, (3) exhibited deliberate indifference to the actions of their subordinates; and (4) maliciously searched him and seized his property. However, his allegations were insufficient to state a claim for relief because he failed to provide sufficient factual support for these alleged violations. *See Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65; *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50. Instead, Rosa provided only vague and conclusory allegations and requested that the district court review his exhibits to "ascertain the seriousness" of his claims. For example, Rosa alleged that "the three amigos" retaliated against him by filing false disciplinary reports, but he failed to identify these individuals or describe the false reports. Further, he alleged that officials engaged in a conspiracy to place him in an unsafe environment, but he provided no further factual support regarding the

10

alleged conspiracy or the unsafe conditions.  Although Rosa suggests that the district court should have reviewed his exhibits to ascertain the factual support for his claims, the district court was not authorized to "serve as *de facto* counsel" or to "rewrite an otherwise deficient pleading."  *See GJR Invs., Inc.*, 132 F.3d at 1369.  Further, Rosa named 18 defendants in his complaint, but failed to clearly indicate which constitutional violations were committed by each defendant.  Although Rosa was not required to provide detailed factual allegations, his original complaint failed to provide enough facts, which, if accepted as true, would raise his right to relief above a speculative level or state a plausible claim for relief.  *See Twombly*, 550 U.S. at 555, 570, 127 S.Ct. at 1964-65, 1974; *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50.

Because Rosa's original complaint failed to adequately state a claim for relief, the magistrate properly provided him with an opportunity to file an amended complaint.  *See Bryant*, 252 F.3d at 1163.  In his second amended complaint, Rosa complied with the magistrate's instructions to separate his claims and identify which defendant committed each alleged constitutional violation.  However, Rosa's claims either lacked sufficient factual support or failed to state a viable claim under § 1983.  Specifically, Rosa's claims against Secretary McNeil, Director Villacorta, Warden Reid, Assistant Warden Inman, Inspector Buchanan, and Officer Posten were all based on vicarious liability.  Rosa alleged that each of

these DOC officials were deliberately indifferent either to his grievances or to the retaliatory actions of their subordinates.  Additionally, he alleged that Inspector Buchanan failed to cure the constitutional violations of her subordinates.  However, Rosa did not allege that these supervisory DOC officials had any personal involvement in a constitutional violation.  Because vicarious liability is inapplicable to § 1983 actions, Rosa failed to state a plausible claim for relief against these defendants.  *See Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

Rosa's claims against the remaining defendants were too conclusory and vague to satisfy the pleading standards set forth in *Twombly* and *Iqbal*.  Specifically, Rosa asserted that Lieutenant Bartfield was known to retaliate against inmates and that Officer Moore established a conspiracy to place Rosa in an unsafe environment.  Further, Rosa alleged that Sergeant Bator influenced the retaliatory actions of others and that Officers Marrero and Lawrence would "do all possible when told to retaliate."  Rosa also alleged that Major Collins was deliberately indifferent to his care and safety, and that Officer Harris was liable for her "no care policy," which led to the filing of false reports.  As to each of these retaliation claims, Rosa failed to allege any specific acts of retaliation or to describe the contents of any false disciplinary reports.  Additionally, Rosa alleged that Lieutenant Morales threatened to "set[] [him] up," but Rosa provided no other

factual allegations regarding this incident.  Rosa also failed to specify how he was threatened or how DOC officials conspired against him.  Thus, Rosa's threadbare assertions of alleged constitutional violations, without further factual support, are insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1949-50.

Finally, Rosa alleged that the DOC violated his Eighth Amendment rights by failing to provide adequate food and necessities.  However, Rosa's allegations did not provide enough detail to suggest that the DOC violated his rights by executing a governmental policy or custom.  *See Monell*, 436 U.S. at 690-91, 98 S.Ct. at 2035-36.  Thus, the DOC, a government entity, was not subject to liability under § 1983.  *See Edwards,* 49 F.3d at 1524.

In sum, applying the standards set forth in *Twombly* and *Iqbal*, Rosa failed to provide sufficient factual support to state a plausible claim for relief or to raise his right to relief above a speculative level.

For the foregoing reasons, we affirm the dismissal of Rosa's complaints.

**AFFIRMED.**