[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10085
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61807-RSR

CHRISTOPHER MILLER CROUCH,

Plaintiff-Appellant,

versus

BROWARD COUNTY 17TH CIRCUIT COURTS,
BROWARD SHERIFF'S OFFICE,
Pretrial Supervision Specialist Schneika Dixon,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 24, 2013)

Before HULL, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Christopher Miller Crouch, a Florida pretrial detainee proceeding pro se, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights action.  We affirm.

I.

Crouch filed a complaint under 42 U.S.C. § 1983 against different Broward County, Florida, entities and Schneika Dixon, a pretrial supervision specialist. Crouch first claimed his placement in pretrial community control after his arrest for drug-trafficking charges violated the Eighth Amendment's prohibition against cruel and unusual punishment.  He claimed the conditions of his bail were unconstitutional.  He requested the return of $75,000, which he had posted as a bond and was forfeited when he failed a drug test while on pretrial community control, and he requested to be released from jail.

In a report and recommendation ("R&R"), a magistrate judge determined that Crouch's complaint should be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because the reason for his confinement had not been invalidated.  The magistrate further determined that, to the extent Crouch sought the return of his bond money, the claim was not cognizable under § 1983.  The magistrate also determined that Crouch's challenge to the requirement that he wear a tracking-device while on bail was moot, as his bail had been revoked.  The magistrate recommended the complaint be dismissed

2

for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and as barred by *Heck*.

The district court observed that Crouch had not filed objections to the R&R, adopted the R&R, and dismissed Crouch's complaint.

## II.

On appeal, Crouch reiterates the claims in his complaint and raises new claims not raised in his complaint. He also argues that, under Florida law, he is eligible for pretrial release, that the officers who arrested him were under investigation for wrongdoing, and that he was entrapped.

We review de novo a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). We interpret the briefs of pro se litigants liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, issues not briefed on appeal by a pro se litigant are deemed abandoned. *Id.*

Here, Crouch raises no argument that can be liberally construed as challenging the bases on which the district court dismissed his complaint. Thus, Crouch has abandoned these arguments. *See id.* Additionally, we will not address any claims Crouch presents for the first time on appeal. *See Miller v. King*, 449 F.3d 1149, 1150 n.1 (11th Cir. 2006) (holding that, because the pro se plaintiff

3

failed to raise a claim in the district court, the court would not consider the claim for the first time on appeal).  Accordingly, because Crouch has not challenged the bases on which the district court dismissed his complaint, we affirm.

**AFFIRMED.**