[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11242
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80335-KAM


TERESA JANE TAYLOR,

Plaintiff - Appellant,

versus

LT. MARK ALEXANDER,
Internal Affairs,
SERGEANT LE POLSNER F. EMA,
ID# 8524,
SERGEANT LE EDDIE E. SIMS,
ID # 3264,
DEPUTY SHERIFF LE JOHN R. MOORE,
ID # 8206

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2014)

Before TJOFLAT, JORDAN, and COX, Circuit Judges.

PER CURIAM:

Teresa Taylor, pro se, challenges on this appeal the district court's sua sponte order denying her application to proceed in forma pauperis and concomitantly dismissing her 42 U.S.C. §1983 complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. We review de novo a district court's sua sponte dismissal under Section 1915(e)(2)(b)(ii). *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). We affirm the district court's dismissal.

Taylor's claim arises from the defendants' alleged failure to come to her aid in a time of peril in her home. She alleges that the peril was presented by several "unknown men," who had been sent to evict her – forcibly, if necessary – who threatened her with more or less serious bodily injury if she did not leave her locked bedroom and cooperate with them, and who damaged the interior of her rented home prior to defendants arriving in response to her 911 call. She further alleges that the officers refused to arrest the "unknown men" when they did arrive (she does not state how she knew this from the confines of her locked bedroom), and that, when she called 911 again, the defendants threatened to arrest her, but never reappeared. She does not allege that she was injured bodily or that any property belonging to her was damaged. Her pro se complaint on an in forma

2

pauperis form comes no closer to asserting an actual claim for relief based on these conclusory factual allegations than asking the district court "[t]o determine that these officers deprived me of the right to be protected and free from guns and violence."

We must construe pro se complaints more liberally than those drafted by attorneys. *Hughes*, 350 F.3d at 1160 (citation omitted). Having done so, we conclude that *Deshaney v. Winnebago Cy. DSS*, 489 U.S. 189, 109 S. Ct. 998 (1989), and its progeny control this case. There, the Court held under circumstances far more egregious than what Taylor alleges here that governmental agents had no affirmative duty to protect or aid someone injured while not in government custody and under circumstances not created by the government. "As a general matter … we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the [substantive] Due Process Clause." 489 U.S. at 197; 109 S. Ct. at 1004. The Court recognized in dicta that a "special relationship" might exist between the State and an individual that would obligate the State to afford protection and care commensurate with the individual's State-deprived ability to afford his own (e.g., prisoners and involuntarily committed mental patients), but observed that "[t]he affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the

3

limitation which it has imposed on his freedom to act on his own behalf." 489 U.S. at 200; 109 S. Ct. at 1005-06 (citation omitted). *See also Wyke v. Polk Cy. School Bd.*, 129 F.3d 560 (11th Cir. 1997). Here, Taylor alleges no facts from which the district court might have found the existence of the requisite "special relationship" to which *DeShaney* alludes.

We further note Taylor's failure to allege any state-law entitlement to the sort of protection of which she contends the defendants deprived her. *See Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 756, 125 S. Ct. 2796, 2803 (2005) (reasoning that procedural due process claims obligate the claimant to identify a source of entitlement to a deprived interest independent of the Constitution, such as state law). Under Florida decisional law, governmental entities never have had a duty to exercise discretionary authority in favor of an individual or a group of individuals. *See Trianon Park Condo. Ass'n v. City of Hialeah*, 468 So. 2d 912, 918 (Fla. 1985). Indeed, to hold otherwise potentially could run afoul of immunity doctrines protecting governmental officials from suit for discretionary exercise of their appointed functions. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1265 (11th Cir. 2001) (citation omitted).

We have reviewed Taylor's pro se complaint, the district court's order, and Taylor's brief, and we are satisfied that Taylor does not state a claim on which relief may be granted. We affirm the district court's dismissal of her complaint.

4

**AFFIRMED.**