[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14929
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00768-RWS

ARLANDA A. SMITH,

Plaintiff - Appellant,

versus

MARNE L. MERCER,
in her official and individual capacity with
the Dekalb County Police Department,
W.L. WALLACE,
in her official and individual capacity with
the Dekalb County Police Department,
WILLIAM O'BRIEN,
in his official and individual capacity with
the Dekalb County Police Department
VALDIS CULVER,
in his official and individual capacity with
the Dekalb County Sheriff's Office,
NICK MENDEZ,
in his official and individual capacity with
the Dekalb County Sheriff's Office, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 7, 2014)

Before WILSON, ROSENBAUM, and COX, Circuit Judges.

PER CURIAM:

Arlanda Smith, proceeding pro se and *in forma pauperis*, appeals the district court's *sua sponte*, 28 U.S.C. §1915(e)(2) dismissal of his false arrest, false imprisonment, and malicious prosecution claims as barred by the applicable two-year statute of limitations. The district court dismissed Smith's pendent state-law claims without prejudice as allowed by 28 U.S.C. §1367(c). We affirm.

These are the material facts construed in the light most favorable to Smith (Doc. 1-1). He was arrested on July 5, 2010, for stalking in violation of O.C.G.A. §16-5-90(a)(1). He contends that this arrest was a false arrest in violation of Section 1983. Subsequently, he was incarcerated without a pre-commitment hearing until a state court judge released him on his own recognizance on August 9, 2010. Smith contends that this incarceration was a false imprisonment in violation of Section 1983. Finally, he was prosecuted for stalking and making harassing phone calls. On March 7, 2011, he was acquitted of the former and convicted of the latter. This prosecution, Smith contends, was a malicious

2

prosecution in violation of Section 1983. Two years and four days later, Smith filed this civil action.

We review de novo a district court's Section 1915(e)(B)(2(ii) dismissal, whether it is based on a determination that one or more claims in a complaint are irremediably barred by the statute of limitations or simply fail to state a claim on which relief can be granted. *Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11th Cir. 2003).

The district court correctly determined that Georgia's two-year personal injury statute of limitations applied to all three of Smith's Section 1983 claims. *DeYoung v. Owens*, 646 F.3d 1317, 1324 (11th Cir. 2011); O.C.G.A. §9-3-33. The district court correctly determined that Smith's false arrest and false imprisonment claims accrued on July 5, 2010, and August 9, 2010, respectively – dates that are found in the complaint. *See Wallace v. Kato*, 549 U.S. 384, 397, 127 S. Ct. 1091, 1100 (2007). The false arrest and false imprisonment claims therefore, are frivolous.

We separately address the malicious prosecution claims. Two of Smith's malicious prosecution "claims" are indisputably state-law claims. These are Claims 5 and 10, and they are not before us. The district court declined to exercise supplemental jurisdiction over them, and Smith does not challenge that decision on appeal.

3

This leaves Smith's "second" Claim 8, Doc. 1-1, ¶57, which is entitled "Claims against All Defendants … Intentional Infliction of Emotional Distress." This claim reads, "Defendants intentionally and deliberately inflicted emotional distress on Smith *by violating his Fourth and Fourteenth Amendment rights, and by violating his rights against … malicious prosecution.*" *Id.* (italics added for emphasis). This court recognizes a Section 1983 malicious prosecution claim as a hybrid of unreasonable seizure under the Fourth Amendment and the common-law tort from which the claim derives. *See Wood v. Kessler*, 323 F.3d 872, 881-82 (11th Cir. 2003). A Georgia plaintiff, such as Smith, pressing a Section 1983 malicious prosecution claim must prove (1) a criminal prosecution instituted or continued by the [Section 1983] defendant, (2) with malice and without probable cause, (3) that terminated in the [Section 1983] plaintiff's favor, (4) that caused damage to the [Section 1983] plaintiff, and (5) that resulted in unreasonable seizure of the [Section 1983] plaintiff. *Id.* (citations omitted). Here, the factual recitation in Smith's complaint, coupled with paragraph 57, which ostensibly "states" the claim, are devoid of any factual basis for satisfying the elements set forth in *Wood*. Nowhere in Smith's complaint do we find even "[f]ormulaic recitations of the elements of [the] claim," *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011), which, themselves, would not suffice to survive Rule 12(b)(6) scrutiny.

Smith has failed to state a Section 1983 malicious prosecution claim on which relief can be granted.

**AFFIRMED**