[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14008
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21778-JAL


SOLOMON DAVID ROBERTS,

Plaintiff - Appellant,

versus

ATTORNEY GENERAL, STATE OF FLORIDA,
LINDA S. KATZ,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 28, 2016)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:


Solomon David Roberts, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- of his 42 U.S.C. § 1983 claim against Defendants Pamela Jo Bondi, Attorney General of the State of Florida, and Linda Katz, Assistant Attorney General.  No reversible error has been shown; we affirm.

We review de novo a district court's dismissal under section 1915(e)(2)(B)(ii) for failure to state a claim, viewing the allegations in the complaint as true.  Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  We construe liberally pro se pleadings.  Id. at 1160.

Under section 1915(e)(2)(B)(ii), the district court is authorized to dismiss a case filed by a prisoner proceeding in forma pauperis "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." (emphasis added).

Briefly stated, Roberts complains that Katz misrepresented or withheld material facts during a post-conviction proceeding.  Roberts contends that Katz's conduct (1) rendered his guilty plea involuntary and (2) caused him to serve a

2

sentence in excess of the maximum possible sentence for his offense of conviction. As relief, Roberts seeks monetary damages.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Although Roberts's section 1983 complaint seeks only monetary damages, a judgment in Roberts's favor would imply necessarily that his underlying conviction and sentence were invalid. Because Roberts has failed to demonstrate that his conviction and sentence have already been invalidated, the district court dismissed properly Roberts's claim as not cognizable under section 1983. See id.

We reject Roberts's contention that the district court's dismissal constituted a violation of Roberts's Seventh Amendment right to a jury trial. See Garvie v. City of Fort Walton Beach, 366 F.3d 1186, 1190 (11th Cir. 2004) (no Seventh Amendment violation when the court grants summary judgment based on a question of law).

AFFIRMED.