[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17085
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00192-LJA

HAROLD B. MASON,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF LABOR,
COMMISSIONER, GEORGIA DEPARTMENT OF LABOR,
RUTH F. CLAIRBORNE,
Department of Labor, Board of Review,
XERNONA C. BRADY,
Department of Labor, Board of Review,
HARVEY K. PERSONS, III,
Department of Labor, Board of Review, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 27, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Harold Mason, proceeding pro se, appeals the district court's sua sponte dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B).  After careful review, we affirm.

## I.

Mason filed a pro se complaint against the Georgia Department of Labor and five of its employees.  In his complaint, Mason asserted three claims for relief, all under "42 U.S.C. § 1991 . . . Civil Rights Act in/for Deprivation of Rights."  For each claim, Mason's allegations related to his employment with Flint RiverQuarium, Inc.  Those allegations included a hostile work environment, failure to promote, unfair termination, and retaliation.  Mason also moved for leave to proceed in forma pauperis ("IFP").

The district court granted Mason IFP status but dismissed his complaint because it was frivolous and failed to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).  The court observed that 42 U.S.C. § 1991 "concerns fees and persons who may be appointed to execute process under 42 U.S.C. § 1989, which relates to arrest warrants and federal magistrate judges," and not employment or civil rights claims.  The court therefore dismissed as frivolous Mason's claims, to the extent they were brought under § 1991.

2

The district court also examined Mason's complaint to determine whether it stated a claim under 42 U.S.C. § 1981.  The court found that Mason failed to allege how the defendants discriminated or retaliated against him.  Indeed, the court noted that his relevant allegations were against his former employer, Flint RiverQuarium, who was not named as a defendant.[1]  The district court therefore held that Mason's complaint failed to state a claim under § 1981.

Mason moved for reconsideration, explaining he was referring to the Civil Rights Act of 1991.  The district court denied the motion, explaining the Civil Rights Act of 1991 "concern[s], with respect to civil rights claims, recovery of damages for claims under 42 U.S.C. § 2000e," and holding that Mason failed to state a claim under § 2000e, as well.  This appeal followed.

## II.

When a plaintiff requests IFP status in filing a lawsuit, courts are required to dismiss the suit if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  We review de novo "[a] district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii)."  Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  We liberally construe pro se pleadings in the district court, as well as pro se briefs on appeal.  Harris v. United Auto. Ins.

---

[1] The court also pointed out that Mason's employment claims were litigated in an earlier lawsuit, in which Flint RiverQuarium was granted summary judgment.  See Mason v. George, 24 F. Supp. 3d 1254 (M.D. Ga. 2014).

Grp., Inc., 579 F.3d 1227, 1231 n.2 (11th Cir. 2009) (per curiam); Tannenbaum v.

United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Mason challenges the district court's rulings that he failed to state a claim

under § 1981 and the Civil Rights Act of 1991.  We address each in turn.

A.

One element of a race discrimination claim under § 1981 is "that the

defendant intended to discriminate on the basis of race."  Jackson v. BellSouth

Telecommunications, 372 F.3d 1250, 1270 (11th Cir. 2004).  Mason did not allege

that the Georgia Department of Labor or any of its employees intended to

discriminate against him.  His allegations of discrimination were all against

employees of Flint RiverQuarium, which was not named as a defendant in his

complaint.  Mason therefore failed to state a claim against these defendants under

§1981.

B.

We reach the same result if we construe Mason's complaint to allege claims

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[2]  Title VII

prohibits employers from discriminating and retaliating against their employees, as

well as from permitting a hostile work environment.  See, e.g., McCann v. Tillman,

526 F.3d 1370, 1373, 1375, 1378 (11th Cir. 2008).  While Mason alleged a hostile

---

[2] As part of the Civil Rights Act of 1991, plaintiffs can recover compensatory and punitive damages under Title VII.  See EEOC v. W&O, Inc., 213 F.3d 600, 611 (11th Cir. 2000).

work environment, failure to promote, unfair termination, and retaliation, none of his allegations were against the named defendants.  Neither did Mason allege that he worked for the Georgia Department of Labor.  Mason therefore failed to state a claim against these defendants under Title VII.

**AFFIRMED.**