[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13208
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00516-TCB


BRENDA J. BURCH,

Plaintiff-Appellant,

versus

ATLANTA CITY COURT,
FULTON COUNTY,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 28, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Brenda J. Burch appeals the district court's dismissal of her pro se complaint seeking damages under 42 U.S.C. § 1983.  As required by 28 U.S.C. § 1915(e)(2)(B), the district court reviewed her complaint to determine whether it alleged facts sufficient to state a claim.  Concluding it did not, the district court gave Burch an opportunity to amend her complaint to correct its deficiencies. Burch supplemented her complaint, but the district court determined the complaint still failed to state a plausible federal claim.  In addition, the district court determined Burch sought damages against defendants who were immune from such claims under the Eleventh Amendment.  It therefore dismissed Burch's complaint, and Burch timely appealed.  After careful review,[1] we affirm.[2]

---

[1] We review a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, viewing all allegations in the complaint as true.  *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  Pro se pleadings are construed liberally, and we hold them "to a less stringent standard than pleadings drafted by attorneys."  *Id.* at 1160 (quotation omitted).  Issues of immunity under the Eleventh Amendment are also reviewed de novo.  *United States v. Ala. Dep't of Mental Health & Mental Retardation*, 673 F.3d 1320, 1324 (11th Cir. 2012).

[2] We affirm on the basis that Burch failed to state a plausible federal claim.  Because this action was dismissed by the district court sua sponte, Defendants have not appeared in the case. Thus, neither Atlanta City Court nor Fulton County has asserted a sovereign-immunity defense to Burch's claims.  We are therefore free to resolve the merits of Burch's claims before addressing whether her claims would otherwise be barred by the Eleventh Amendment.  *See McLendon v. Ga. Dep't of Comty. Health*, 261 F.3d 1252, 1257–59 (11th Cir. 2001) (holding that the merits of a plaintiff's claims may sometimes be reached before addressing the issue of immunity under the Eleventh Amendment); *see also U.S. ex rel. Burlbaw. v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) ("This is not a case in which the State defendant (or those purportedly covered by the State's immunity) has directly asserted Eleventh Amendment immunity.  If a State defendant had asserted it, addressing the threshold jurisdictional matter would be obligatory.  Without such an assertion, we are not obligated to resolve the Eleventh Amendment issue." (footnote omitted)).  This approach is particularly appropriate here, where the merits are straightforward and there is no adversarial process to assist the Court in determining the more

Burch failed to state a claim because she did not allege facts sufficient to demonstrate her injuries were caused by a custom or policy that was deliberately indifferent to her civil rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Although Burch alleged facts suggesting Defendants failed to properly maintain their records of her traffic violations and court appearances, which led to her erroneous arrest, she merely speculates as to the reason why those records were not updated properly—unlawful discrimination. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

At a minimum, Burch needed to plead facts demonstrating Defendants' failure to update their records went beyond mere negligence. *See Cannon v. Macon Cty.*, 1 F.3d 1558, 1563 (11th Cir. 1993) ("[N]egligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property."). Even construed liberally, Burch failed to allege such facts. We therefore conclude the district court did not err by dismissing her complaint.

**AFFIRMED**.

---

complicated issue of whether a Georgia municipal court is an "arm of the State" for purposes of the Eleventh Amendment. *See Tennessee v. Lane*, 541 U.S. 509, 527 n.16 (2004) (citing favorably cases where federal appellate courts concluded municipal courts in certain states are entitled to Eleventh Amendment immunity); *Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 732 (11th Cir. 1984) (providing four-factor test for determining whether a particular entity is entitled to immunity under the Eleventh Amendment).