[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15523
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-01483-LSC-HNJ

MATTHEW SHERMAN PHILLIPS,

Plaintiff-Appellant,

versus

JERRY EDWARD ROBBINS, JR., M.D.,
DR. IVAN PROVISION, M.D.,
DR. SUSSMUNE STUBBS,
MS. MCELROY,
Nurse Administrator, Limestone,
MS. SOPHIA CLEMMONS, RN,
Limestone, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 1, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Phillips, an Alabama prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b).  Phillips alleged that prison healthcare providers intentionally denied and delayed adequate treatment for his back injury.  On appeal, Phillips argues the district court's dismissal was error.  After careful review, we affirm.

I.

According to Phillips's amended complaint, he suffered a "shocking pain" in his lower back and legs on April 15, 2015, while he was working in the prison's laundry department.  Phillips fell down and was helped to the health care unit.  Nurse McIntosh listened to Phillips describe what happened and diagnosed him with an "inflamed muscle."  She did not check his vital signs or take notes, and she denied Phillips's requests for pain medication, an examination by a doctor, an x-ray, and a steroid shot.  She told Phillips to buy ibuprofen from the commissary.  Phillips said he "shuffled" out of the room because "he could barely walk" and "lack[ed] [] stability."

Phillips filed a grievance and received a "Sick-Call" appointment on April 27.  The next day, he was told he would see another provider and get an x-ray,

2

which he got on April 30.  Then, on May 15, he saw Debra Means, who diagnosed him with "damaged nerves" and prescribed Prednisone, Claritan, and Prilosec. Although she scheduled a follow-up visit in 30 days, Phillips did not get it.  The day after he complained about not receiving the follow-up visit, he saw Dr. Ivan Pavirov.  Dr. Pavirov diagnosed Phillips with a sacroiliac joint sprain but denied his requests for a CT or MRI scan.  Phillips later found out Dr. Pavirov did not order a follow-up and prescribed him Ibuprofen for only 10 days.  He complained and, on August 12, he was instructed to fill out another Sick-Call request.

On September 14, Phillips complained that his August 12 Sick-Call request hadn't been followed through on.  The next day he saw Dr. Charles Hooper.  Dr. Hooper "check[ed] [him] out thoroughly" and prescribed him Neurontin for the nerve pain in his leg and Robaxin to relax his back muscles and ease his back pain. On November 16, Phillips had a follow-up appointment with Dr. Hooper.  Phillips requested a CT scan, and Dr. Hooper referred him to another doctor.  Although Phillips had an appointment with a doctor on January 5, 2016, he was turned away and sent back to his dorm by a prison official.  He then had an appointment with Dr. Jerry Robbins on January 10, where he described all his problems starting from the initial injury in April and received several prescription medications, including Prednisone, Mobic, and Robaxin.

On January 23, 2016, Phillips saw Dr. Hooper, who increased the Neurontin dosage and discontinued Prednisone. A few weeks later, on February 12, Phillips discovered Dr. Robbins had ended his Neurontin prescription without an evaluation. Phillips had another Sick-Call appointment a few days later, where he learned that Neurontin was permitted only for diabetic nerve pain. At the end of February, after Phillips filed another grievance, Dr. Robbins ordered a CT scan. In early March, Phillips got x-rays of his neck and back, as well as a CT scan. On March 14, Dr. Robbins diagnosed Phillips with a bulging disc and said he would send the scans to a surgeon to determine treatment options. A month later, Phillips saw Dr. Robbins again. Dr. Robbins told him the surgeon, Dr. Kurt Freudenberger, recommended an MRI and indicated Phillips suffered from a bulging disc and "disc degeneration on both sides of his spine."

Phillips had an MRI a few days later and an appointment with Dr. Freudenberger in early May. Dr. Freudenberger recommended delaying surgery in favor of pain management, specifically epidural shots, physical therapy, and chiropractic treatment. Phillips was also given Tramadol. On May 13, Phillips' prescriptions for Tramadol, Robaxin, and Prednisone were discontinued. On May 16, Dr. Robbins refused Phillips's requests to reorder Tramadol and told him he would not order epidural shots, but agreed to order him a back brace. On or before June 2, Dr. Robbins prescribed Cymbalta. Phillips got the back brace, something

4

he had been requesting since his injury, on June 9 and an epidural shot on June 10. On June 23, Dr. Robbins issued him a "bottom bunk profile" and a "No Longstanding Profile."

Phillips alleged that prison healthcare providers' failure to treat his back injury for over a year exacerbated his injury and amounted to deliberate indifference. He described a process in which he had to continually file grievances to receive medical appointments and his prescribed medication. He named as defendants: Corizon Health, Inc.; Health Service Administrators Taylor Mckleroy, Sophia Clemmons, and Jones[1]; Dr. Robbins; Nurse McIntosh; Nakteesha Dryer; and Juan Bailey.

As relevant to this appeal, Phillips specifically alleged that Nurse McIntosh's denial of his requests for an evaluation with a doctor, a "more qualified evaluation," x-rays, and pain medication, as well as her failure to document his emergency, demonstrated deliberate indifference to his serious medical needs. He alleged Dr. Robbins deliberately delayed treating Phillips's pain for over a year despite knowledge of his pain and his complaints that the pain medication provided was not adequate. He also alleged Dr. Robbins's discontinuation of pain medication without evaluation amounted to deliberate indifference, as did Dr. Robbins's ignoring Phillips's complaints that he "cannot rest well, as well as stand,

---

[1] No first name was provided for Jones in the original or amended complaint.

5

sit, or lie down for long periods of time."  Finally, he alleged Dr. Robbins's failures to provide a back brace or an extra mattress also amounted to deliberate indifference.

A magistrate judge issued a report and recommendation ("R&R"), recommending the amended complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(a), (b)(1).  Phillips filed an objection, arguing the R&R was premature under the Federal Rules of Civil Procedure and violated the Fourteenth Amendment because it failed to allow service and process on the defendants and only defendants could move for dismissal.  He also argued that his amended complaint alleged enough facts to state Eighth Amendment claims.  The district court overruled the objections, adopted the R&R, and dismissed the complaint.  This appeal followed.

## II.

We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1), using the same rules that govern dismissals under Federal Rule of Civil Procedure 12(b)(6).  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001) (per curiam).  This Court liberally construes pro se pleadings.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  We accept allegations in a complaint as true and construe them in the light most favorable to the plaintiff.  Leib v. Hillsborough Cty. Pub. Transp. Comm'n., 558

6

F.3d 1301, 1305 (11th Cir. 2009). The plaintiff's complaint must contain "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

### III.

### A.

Phillips first argues the R&R "is directly in conflict with" Federal Rule of Civil Procedure 25 because the R&R concluded that certain defendants were "dropped from the action, (due to death or exiting employment)" even though they were public officials. It appears Phillips is challenging the R&R's recognition that Nurse McLin, Nurse Means, and Dr. Pavirov were not named defendants. However, the R&R did not conclude this based on Rule 25, which governs the substitution of parties. See Fed. R. Civ. P. 25. Instead, the R&R simply noted that Phillips did not include these individuals in the part of his amended complaint where he listed the defendants. It is true that several defendants named in Phillips's original complaint were not named in his amended complaint, including Nurse Means, Dr. Ivan "Provision," Dr. Sussmune Stubbs, and Dr. Hooper. To the extent this was a mistake by Phillips, it is not one that can be fixed by a court. This is particularly true here, as Phillips never alleged such a mistake was made in his objections to the R&R nor asked for leave to amend his complaint again.

7

B.

Phillips next argues that his amended complaint included enough facts that, when taken as true, stated an Eighth Amendment violation.

The Eighth Amendment forbids cruel and unusual punishment, which the Supreme Court has interpreted to include "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). To prove a deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective test. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). First, he must show he had an "objectively serious medical need." Id. Second, he must prove the defendant acted with deliberate indifference to the serious medical need by (1) having subjective knowledge of a risk of serious harm, (2) disregarding the risk, and (3) displaying conduct beyond mere negligence. Id. at 1243, 1245.

"[A] serious medical need is [] one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 1243 (quotation and footnote omitted). "In either of these situations, the medical need must be one that, if left unattended, poses a substantial risk of serious harm." Id. (quotations omitted and alteration adopted).

"Grossly incompetent or inadequate care," "a doctor's decision to take an easier and less efficacious course of treatment," as well as "[f]ailure to respond to a known medical problem" can amount to deliberate indifference. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).  A prison official who "delay[s] the treatment of serious medical needs, even for a period of hours," may act with deliberate indifference, "though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). However, an inadvertent or negligent failure to provide adequate medical care, even if it amounts to medical malpractice, does not constitute deliberate indifference.  Estelle, 429 U.S. at 105–06, 97 S. Ct. at 292.  "Nor does a simple difference in medical opinion." Waldrop, 871 F.2d at 1033.

On appeal, Phillips only presents arguments with respect to four people: Nurse McIntosh, Nurse Means, Dr. Pavirov, and Dr. Robbins.  However, as explained above, Nurse Means and Dr. Pavirov were not named as defendants in Phillips's amended complaint.  Thus, we only review Phillips's claims against Nurse McIntosh and Dr. Robbins.

Phillips's allegations against Nurse McIntosh fail to show she had subjective knowledge of a risk of serious harm and disregarded the risk.  According to Phillips's amended complaint, Nurse McIntosh saw Phillips only once, when he

9

presented to her with sudden, severe back pain. She listened to him, diagnosed an inflamed muscle, and recommended a course of treatment in accordance with her diagnosis. We note that Phillips's injury was not visibly obvious—there is no allegation, for example, that his bulging disc could be seen or felt. Similarly, his strained posture and walk also did not obviously demonstrate to Nurse McIntosh that her diagnosis was wrong or that a risk of serious harm was present. Nor did the circumstances of his injury suggest anything other than sudden, severe back pain. See Farrow, 320 F.3d at 1243 (defining a "serious medical need"). In sum, Nurse McIntosh made a medical judgment call on the first and only time she saw Phillips complain of back pain. Her rejection of his requests for a doctor referral, a "more qualified evaluation," x-rays, and pain medication were consistent with that decision and her diagnosis and did not demonstrate deliberate indifference. See Waldrop, 871 F.2d at 1033 (stating "a simple difference in medical opinion" does not constitute deliberate indifference).

Phillips also points to Nurse McIntosh's failures to document his emergency or check his vitals. While allegations of negligence could amount to medical malpractice, Phillips does not allege that Nurse McIntosh's failures significantly delayed his treatment or contributed to the exacerbation of his injury. In fact, he alleged that, after filing a grievance, he was examined on April 27, promised an x-ray and another provider visit on April 28, received an x-ray on April 30, and was

10

diagnosed with "damaged nerves" and prescribed pain medication on May 15. Nurse McIntosh's failures to document or check Phillips's vitals, on their own, do not suggest her examination was "so cursory as to amount to no treatment at all," particularly in light of his acknowledgement that she listened to him, diagnosed him with an inflamed muscle, and suggested a course of treatment. See McElligott, 182 F.3d at 1255 (quotation omitted). The district court thus correctly concluded that Phillips's amended complaint failed to state a claim against Nurse McIntosh.

Dr. Robbins's alleged conduct also did not demonstrate deliberate indifference to Phillips's back injury and pain. Phillips alleged Dr. Robbins deliberately delayed his treatment for over a year. But Phillips alleged he saw Dr. Robbins the first time on January 10, 2016, nearly nine months after his back injury. There is no allegation Dr. Robbins was responsible for this delay. See id. And Phillips's allegations show that after Dr. Robbins became involved, he timely responded to Phillips's claims of back pain. Dr. Robbins first prescribed pain medication. When Phillips's complaints continued, Dr. Robbins ordered a CT scan. When that scan suggested a serious injury, Dr. Robbins sent it out for a second opinion from Dr. Freudenberger. Dr. Robbins then followed Dr. Freudenberger's recommendations—getting Phillips an MRI and continuing pain management. While Dr. Robbins refused some of Phillips's requests in line with

these recommendations, Dr. Robbins also prescribed other medications for Phillips.  This suggests disagreements in medical opinion, rather than deliberate indifference.  See Waldrop, 871 F.2d at 1033.  And the one time Dr. Robbins discontinued one of Phillips's prescriptions without evaluation, Phillips got an explanation: that medication was for management of diabetic nerve pain, a condition Phillips did not allege he had.

The facts alleged in his amended complaint also belie Phillips's claim that Dr. Robbins acted with deliberate indifference when he complained of his inability to stand, sit, or lie down for long periods of time.  Instead, Phillips's amended complaint shows Dr. Robbins prescribed medications and ordered tests as necessary to address Phillips's complaints.  To the extent Phillips is alleging Dr. Robbins's failure to give him a "bottom bunk profile" and a "No Longstanding Profile" until six months after his first appointment with the doctor shows deliberate indifference, we are not persuaded.  Phillips has not alleged he asked Dr. Robbins for those recommendations earlier and was refused.  Similarly, Phillips's complaints about not receiving a back brace are contradicted by his assertion that, when asked on May 9 for a back brace, Dr. Robbins agreed to order one.  Phillips's allegations do not show deliberate indifference.  See id.

12

The district court did not err in dismissing Phillips's amended complaint for failure to state a deliberate indifference claim against Nurse McIntosh or Dr. Robbins.[2]

**AFFIRMED**.

---

[2] In light of our conclusion, Phillips's argument that the district court's erroneous dismissal violated his Fourteenth Amendment right to procedural due process also fails.